WILLIAM H. GOODRICH *et al.*, plaintiffs in error, *vs.* THE CITY LOAN AND BUILDING ASSOCIATION OF AUGUSTA *et al.*, defendants in error.

1. The stockholders of a building and loan association, after sixty-six installments had been paid in, unanimously resolved, for the purpose of closing the business of the company, to appoint a committee of their number to report some equitable plan for a settlement of their rights and claims *inter sese*. A mode was reported by this committee, which was adopted by a majority, but which was objected to and protested against by others. The latter filed a bill to enjoin the carrying out of the plan adopted, as being unjust and in violation of their rights—claiming that the spirit and intent of the resolution first adopted, and the object of the members in agreeing to it, was to have their rights determined according to some equitable method of adjustment, independent of the rules of the body, and under such as would govern in a settlement between creditor and debtor. They also asked for general relief, account, settlement, etc. The chancellor, to whom at a regular hearing of the bill were referred all questions of law and fact, decreed that "an equitable adjustment is to charge each borrower

Goodrich *et al. vs.* The City Loan, etc., of Augusta.

with the amount he received, with seven per cent. interest; credit this debt according to the law of partial payments with the additional dollar per month that he paid by reason of being a borrower; let him pay the balance thus ascertained into the funds of the association; then let the entire amount on hand, after deducting costs and expenses, be equally divided among the shareholders :"

*Held,* that the complainants, who are of the class called borrowers, cannot, under the allegations and claims set up in the bill and sustained by their testimony, complain against the decree as being unfair and inequitable.

2. If the plan adopted by the majority be not binding on the association, and by it a number of stockholders have been settled with and discharged, whereby complainants allege that they received an undue share of the assets, such stockholders may be made parties to the bill for the purpose of having all questions arising in the case adjudicated, one of which is their liability to refund such amounts as they may have received in excess of their proper portion—nor could that matter be determined unless they be made parties.

3. If, on the application of complainants, such new parties are made at the hearing, the cause may be proceeded with so that there may be an interlocutory decree as to the proper rule of settlement for those who are then before the court, and the chancellor can order in the decree that it may thereafter be opened for the adjudication of all questions touching the liability of those who were brought in at that stage of the case. Nor is there any necessity to postpone the collection of what may be due by complainants under the rule prescribed by the decree, until the matter of the liability of such stockholders, thus made parties, is determined.

4. If the officers of the association, in good faith, carried out the plan as was adopted as hereinbefore referred to, so as to settle with a portion of the stockholders in accordance therewith, they cannot be made individually responsible for such action, though it might finally be held that such stockholders could be compelled to refund any excess they may have received over what they may rightfully be entitled to.

Equity. Building and loan associations. Parties. Decrees. Corporations. Officers. Principal and agent. Before WILLIAM H. HULL, Esq., Judge *pro hac vice.* Richmond Superior Court. April Term, 1874.

This is the second time this case has been before this court: See 48 *Georgia Reports,* 445. It is sufficiently reported in the above head-notes.

HOOK & WEBB, for plaintiffs in error.

McLAWS & GANAHL; W. W. MONTGOMERY, for defendants.

TRIPPE, Judge.

1. The resolution unanimously adopted by the stockholders abandons the charter and rules under which the company had worked for sixty-six months. It was agreed that some equitable mode should be the rule for settling their rights *inter sese.* The particular plan which was reported and accepted by a majority of the members, was protested against by the complainants as being inequitable, and an injunction asked against its execution. The bill, in substance, alleges that the spirit and intent of the first resolution and the object of all in agreeing to it, was to have their rights determined according to some equitable scheme, independent of the rules of the body and under such as would govern in a settlement between creditor and debtor. If this be the situation, and these complainants allege that it is, what would be such an equitable mode, would it not be one which would put all on a equality as far as practicable? Complainants are of the class called borrowers. Non-borrowers paid monthly $1 00, into the company's treasury for each share they held. This was paid as stockholders. It was a burden attached to their stock. The borrowers paid the same, and in the same capacity, but when they borrowed and received money from the company, they paid an additional dollar per share as a payment for the loan. Take then two members. One has paid in $66 00 on one share and has received nothing; the other paid in the same sum, but as he borrowed at the first meeting, he has paid in another $66 00 for the loan. If those two had to settle between themselves, ought not the borrower to pay back the sum advanced to him, with interest, less the additional sum with interest thereon which he paid by reason of being a borrower; when this was done, the amount on hand, after deducting their share of expense, could be equally divided between them. This is the principle adopted by the decree. It is that an equitable adjustment is to charge each borrower with the amount he received with seven per cent. interest; credit this debt according to the law of partial payments with

- Goodrich *et al. vs.* The City Loan, etc., of Augusta.

the additional dollar per month that he paid by reason of being a borrower, let him pay the balance thus ascertained, into the funds of the association ; then let the entire amount on hand, after deducting costs and expenses, be equally divided among the stockholders. Let it be noted that this rule is not declared to be the one which any member of such a corporation could enforce whenever he might have a right to demand that the company should close its workings, and that there should be a distribution of the assets. In such a case, if there was no agreement between the members, the rules of the association and the law applicable thereto would govern the mode to be adopted. But under the facts of this case, the resolution of the company, the charges in the bill, and the proof adduced by the complainants, they cannot object to the decree as being unfair and inequitable.

2. Complainants charge that the plan of settlement which a majority agreed to, was not binding on the association, that under that plan a number of shareholders had been settled, with and discharged, whereby they had received an undue share of the assets, and set up that those members should refund the amounts they have received in excess of their proper portion. To effect this, such stockholders should be made parties, and complainants have the right to amend and make them parties.

3. Those members who were charged as having received more than their portion, were made parties at the hearing, on the application of complainants. This did not prevent the ascertainment of the proper mode of settlement for those who were then before the court. It was ordered that all questions touching the liability of those who were brought in at that stage of the case, should be thereafter adjudicated by a further decree. If they were not finally held to be liable, then the case would not in any way be affected by having made them parties. If they were decreed to refund any amount, that would only be an additional sum to be divided amongst the members. The non-borrowers who have been paying all the time and have received nothing, should not be delayed as to

their whole rights until that matter can be determined.  See Code, section 4201.

4. The court below held that if the officers of the association, in good faith, carried out the scheme adopted by a majority of the members, and settled with a portion of the stockholders in accordance therewith, they cannot be made individually responsible for such action, though it might be held that the shareholders thus paid off could be compelled to refund any excess they may have received over what they may be rightfully entitled to.  An amendment to the bill was offered for that purpose, which was demurred to, and the demurrer sustained.  The court held that there was no sufficient allegations to show such liability on the part of the directors; that there were no facts charged which amounted to fraud.  Without setting out this amendment, it is sufficient to say, we affirm the holding on this point.  Under the power given the directors by the constitution of the company, and the authority of the resolution itself, it would be a stern rule to hold them guilty of a fraud in executing the scheme adopted by a majority of the stockholders:  See 1 Strobh. Eq. R., 197; 11 Ala., 191; 1 R. I. Rep., 312.

Judgment affirmed.