WIKLE, trustee, *v.* JONES *et al.*

Under the pleadings in this case, there was no error in sustaining the de-
murrer to the intervention filed by the trustee in bankruptcy, except so
far as to permit him to contest the amount of the debt; nor, under the
undisputed evidence as to the amount, was there error in the decree
entered.

Argued February 3,—Decided August 14,—Rehearing denied September 25, 1909.

Equitable petition.   Before Judge Fite.   Bartow superior court.
August 17, 1908.

T. R. Jones was the executor of J. R. Jones, deceased.   On De-
cember 14, 1896, as an individual he made to himself as executor a
mortgage on certain land, reciting that he had taken charge of the
estate and had become indebted to it to the amount of $7,097-
76/100, which he desired to secure.   This was recorded.   On Octo-
ber 14, 1901, he made an entry of cancellation of this mortgage,
signed as executor.   On April 9, 1902, as an individual he executed
to J. G. Lowry a mortgage, reciting that the latter had become en-
dorser for him for the sum of $4,400 to one Cary, and the mort-
gage was made to secure "the payment of that debt, or the
endorser thereon."   This mortgage was transferred several times
by various holders, finally returning to the mortgagee and being
transferred to Mrs. Brumby to secure a judgment which had
been rendered in her favor against T. R. Jones and Lowry.   On
January 31, 1903, Jones was adjudicated a voluntary bankrupt;
and on February 27, Wikle was appointed his trustee.   The widow
and children of the testator sought to obtain equitable relief by
instituting a proceeding in the district court of the United States,

but that court was held to be without jurisdiction. On November 24, 1905, alleging themselves to be the only legatees and beneficiaries under the will, they presented an equitable petition, attacking the entry of cancellation of the mortgage of Jones to himself as executor, or any claim of priority for the Lowry mortgage, and alleging that the latter was to secure a pre-existing debt and without new consideration, and that the debt due to the estate was not paid; also that Mrs. Brumby was about to bring foreclosure proceedings. Injunction was prayed, and also a decree declaring the mortgage in favor of the estate to be a superior lien on the land, that it be foreclosed, and that a special decree be rendered against the land in controversy, and it be sold and the proceeds be applied to their claim. Mrs. Brumby filed a demurrer and answer on February 3, 1906. Jones did not answer until July 9, 1906, when he filed an answer practically admitting all of the allegations of the petition except as to the amount of the debt due by him to the estate, which he stated he did not know exactly. He concluded with a prayer that "all the prayers of the plaintiff's petition be granted," that an accounting be taken to determine the amount of the indebtedness, and the foreclosure be had for that amount. On the same day Mrs. Brumby and Lowry entered into an agreement, which was allowed and ordered to be filed by the presiding judge, by which they recited that their interest in the mortgage previously held by them had ceased. Mrs. Brumby withdrew her demurrer and answer. Lowry acknowledged service and waived any right to open any default. Both renounced, waived, and disclaimed any right as to the mortgaged property, and consented "for judgment to be taken against them in the above-stated case, so far as the lien of plaintiff's mortgage is concerned, and provided the same attaches to them no costs of any nature." On the same day the presiding judge, in open court, entered the following decree: "It appearing to the court from the pleadings in the above-entitled case, that defendants, Mrs. S. O. Brumby and J. G. Lowry, waive and disclaim any right, title, or interest to the property in controversy in the mortgage held by them, or any other manner, and that defendant, T. R. Jones, admits that he is due to plaintiff, as alleged, an amount to be hereafter determined, it is therefore considered, ordered, adjudged, and decreed by the court, that the cancellation of petitioner's mortgage be declared

fraudulent and void; that the lien or mortgage held by plaintiffs on the property in controversy be established and declared and decreed to be a first and superior lien on said property, and superior to the lien and claim held by defendants Mrs. S. O. Brumby and J. G. Lowry; that plaintiffs do recover of said T. R. Jones and the property, under and by virtue of their mortgage, a sum to be hereafter determined by a jury at this term of the superior court of this county; that the mortgage held and declared upon by plaintiffs be foreclosed, and, after due advertisement for thirty days in the newspaper in which sheriff's advertisements are published, that said property be sold at the court-house door of said county during the legal hours of sale, on legal sales day, by the sheriff of said county, and the proceeds of said sale, after necessary cost and expenses of said sale, be applied on the payment of plaintiffs' mortgage. If the proceeds of such sale be not sufficient to satisfy said mortgage, that the plaintiffs have judgment against defendant, T. R. Jones, for balance, together with cost and expenses." The trustee in bankruptcy then filed a petition in the court of bankruptcy, seeking to restrain the plaintiffs in the State court, and for other relief. The district judge, at the hearing, declined to continue the restraining order, and authorized the trustee to apply to the State court for leave to intervene in the case there pending, if he saw proper. He was allowed by the State court to file his intervention, and it was subsequently amended. Demurrers, general and special, were filed to it. They were sustained, except so far as to allow the intervenor to contest the amount due on the debt secured by the mortgage, under the decree of July 9, 1906. The case was brought to this court prematurely (131 *Ga.* 37), and after dismissal, exceptions pendente lite were filed. On the final hearing the case was submitted to the presiding judge without a jury. The plaintiffs proved by Jones that he was indebted to them $5,158.43, with interest. Other than this, neither the intervenor nor other parties offered any evidence. The judge entered a decree accordingly, that the mortgage be foreclosed and levied, and that the property be advertised and sold to pay the debt. It was recited that this decree was taken to complete that of July 9, 1906. The intervenor excepted.

*Paul F. Akin* and *John T. Norris,* for plaintiff in error.

*Seaborn & Barry Wright,* contra.

Lumpkin, J. (After stating the foregoing facts.)

Under the facts of this case, we can not say that the trial court committed such error as to require a reversal. The complaint of the intervenor, in regard to the mortgage under which the plaintiffs claimed, was based on four leading grounds: (1) That it was void for want of contracting parties; (2) for want of consideration; (3) for want of delivery; (4) because it was given to hinder, delay, or defraud creditors of Jones, the mortgagor. The first of these grounds, if meritorious, was as much so and as apparent ever since the making and recording of the mortgage as it is now; and so far as the second rested on a delivery by the mortgagor to himself as executor, that was also patent on the face of the record. In this connection see *Rutledge* v. *Montgomery*, 30 *Ga.* 900. There is no claim that these things were lately discovered. Mrs. Jones and her children first filed an equitable intervention in the district court of the United States as a court of bankruptcy, after Jones became a bankrupt, seeking substantially the same relief as that later sought by them in this case. The trustee in bankruptcy was a party defendant. The district judge granted a decree. This was reversed, on appeal, because the action was "in no proper sense a bankruptcy proceeding," and the district court was without jurisdiction. In the opinion filed there was some discussion of the validity of the mortgage, under the evidence then introduced, but no adjudication, as it was held that there was no jurisdiction. *Brumby* v. *Jones*, 141 Fed. 318 (72 C. C. A. 466). After that decision, Mrs. Jones and her children filed the present equitable petition in the State court. It was not alleged that the trustee in bankruptcy did not know of its pendency. No effort was made to intervene or to file a separate equitable petition in any court having jurisdiction, until the trustee knew that, by agreement, the court had entered a decree declaring the mortgage, under which Mrs. Jones and her children claimed, to be a valid and binding lien, and reserving only an accounting as to the amount. Then he applied to the United States district court as a court of bankruptcy, seeking to enjoin the parties from proceeding further in the State court. The court of bankruptcy does not ordinarily interfere with the foreclosure of a mortgage in a State court. Its equity jurisdiction is not inherent and general, but such only as the bankrupt act has conferred on it in connection

with the collection, sale, and distribution of bankrupt estates. Brumby *v.* Jones, supra, and cases cited. If there be a valid mortgage lien, the trustee in bankruptcy has no absolute right to lay hold of the property. He is interested only in the surplus above the debt, if any.

The Lowry mortgage showed on its face that it was given to an endorser. It was not directly alleged that in fact no such debt existed, or that it was not for the amount stated, but it was alleged that upon payment of $250 to Mrs. Brumby by Jones and $1,000 by Munford, that mortgage had been cancelled, and that the intervenor until then had no notice that the Lowry mortgage was only a valid lien for $1,250, or that he had any interest, as the size of the mortgage was so large, or that there was "no life, genuineness of claim, or willingness to establish and assert" it. It was not denied that Jones was indebted to the estate of his testator; nor was there any effort to disprove the amount of the debt shown by the evidence ($5,158.43 and interest). The intervenor alleged that the property was worth about $5,000. He further made some allegations as to relationship of the parties, and some charges of fraud which were of a general character, such as that the mortgage, under which the plaintiffs claimed, was made by Jones to hinder, delay, or defraud his creditors. If this were true, it was apparent in the first suit in the Federal court, before this one was brought. Many of his allegations were subject to the special grounds of demurrer. He did not show any good reason why, when he entered this litigation by intervention in the manner above described, he did not take it as he found it.

We do not mean to commend as a practice the cutting up of simple cases into parts, nor to say that in no case would it be held erroneous. But in equity practice, especially in matters involving many branches, adjudications of certain questions before the complete termination of the case are not by any means unknown; and here, all the parties to the case having reached an adjustment, and agreed to a decree, leaving only the amount of the secured indebtedness to be determined, we can not say that such decree was void as to those so agreeing or as to this intervenor, who intervened as set out above. Nor has he shown any sufficient reason for holding what had already been done to be void as to him. This was not an application, with sufficient allegations, to set aside or

reopen a judgment or order.  It was an intervention, seeking to have the previous order or decree in the case declared void, and the property delivered to the trustee, on vague and unsatisfactory allegations.  If at the sale there should be a surplus over the indebtedness to the plaintiffs, nothing here said will prevent the trustee in bankruptcy from claiming it.  He did not pray for a decree to that effect, and the decree entered declared only that any surplus should be applied "as the law directs."  See, on the general subject, *Charleston etc. Ry. Co.* v. *Pope & Fleming*, 122 *Ga.* 577 (50 S. E. 374) ; 16 Cyc. 202; *Goodrich* v. *City Loan & Bldg. Assn. of Augusta*, 54 *Ga.* 98 (3) ; 11 Enc. Pl. & Pr. 509.

There is nothing in what is here said which conflicts with the decision in *Loudon* v. *Blandford & Garrard*, 56 *Ga.* 150.  A trustee in bankruptcy will be allowed to intervene in a litigation in a State court in a proper case; and this trustee was allowed to file his intervention.  But as an intervenor he is not exempt from the necessity for proper pleadings and evidence, under the State laws, nor given by law the right to watch a litigation in equity (in which it is sought to establish and foreclose a mortgage against certain land of the bankrupt, as a lien superior to another mortgage; and have proceedings under the latter enjoined) until months after its commencement, and after a partial decree has been rendered by consent, and then on general pleadings have all that has been done considered a nullity so far as it hurts him, but leave to stand that part of the settlement or agreement, on which the decree was based, which discharged the other mortgage, and removed the contestants from the litigation.

> *Judgment affirmed.  All the Justices concur.*