### JONES v. JONES et al.; et vice versa.

FISH, C. J. T. R. Jones executed to himself as executor of the will of J. P. Jones, deceased, a mortgage reciting that he had taken charge of the estate and become indebted to it and desired to secure such indebtedness by mortgage. It was recorded. Subsequently he made an entry of cancellation of the mortgage, signed by himself as executor, and later as an individual executed another mortgage to a different person. The

widow and children of the testator, alleging themselves to be the only beneficiaries under the will, filed an equitable proceeding attacking the cancellation of the mortgage securing the indebtedness of Jones to the estate or any effort to create a priority in favor of another, and prayed for a foreclosure of the mortgage. Jones filed an answer, in which he made no substantial contest except that he did not admit the amount recited to be due in the mortgage, but prayed that that be determined. A consent decree was taken, declaring that the mortgage was valid and should be foreclosed for an amount to be thereafter determined, and that the property should be brought to sale. Jones had been adjudged a bankrupt, and after the taking of this consent decree his trustee in bankruptcy intervened in the litigation and sought to attack the previous decree and mortgage, and to have the property delivered to him to be administered in the court of bankruptcy. To this intervention general and special demurrers were filed, and were sustained except so far as to allow the intervenor to contest the amount due on the debt secured by the mortgage. To this judgment the trustee in bankruptcy excepted and brought the case to this court. The writ of error was dismissed on the ground that the case was still pending in the court below for determination of the amount due on the alleged debt, and that it was therefore prematurely brought to this court. Leave was granted to the plaintiff in error to file exceptions pendente lite in the case. *Wikle* v. *Jones*, 131 *Ga.* 37 (61 S. E. 1124). After the remittitur was made the judgment of the superior court of Bartow county, an agreement was made and entered on the minutes, during the July term, that the case should be heard before the presiding judge without a jury before August 1, 1908. On August 17, a decree was rendered which recited that the case was submitted to the court without the intervention of a jury, by consent of all parties, and that all parties plaintiff and the defendant, Jones, and the intervenor were present. It thereupon adjudged the amount due on the mortgage to be $5,158.43, besides interest, and decreed that the mortgage be foreclosed, and the property be sold and the proceeds applied to the extinguishment of the mortgage debt, and that if there should be any balance it should be applied as the law directs. The trustee in bankruptcy again excepted. This judgment was affirmed. *Wikle* v. *Jones*, 133 *Ga.* 266 (65 S. E. 577). Upon the return of the last remittitur, the judgment of the Supreme Court was made the judgment of the superior court at a regular term and in open court. An execution based on the decree was issued, upon which various payments were made. It was levied, and the mortgaged property was advertised for sale. The mortgagor filed an equitable petition, seeking to have an accounting as to payments made by him, and praying for injunction and general relief. The defendants, the widow and children of the decedent, filed an answer and cross-petition in which they sought to disregard the decree and have an accounting for items antedating it. *Held:*

1. Under the facts above stated the plaintiffs in that case (defendants in this) will not be heard to say that the decree was invalid because rendered in vacation, or to have a general accounting without regard to the amount fixed by it as due at the time of its rendition and secured by the mortgage. This is true although the decree foreclosing the mortgage

was taken before the time for final settlement of the estate which was provided in the will.

2. The right to commissions, in so far as adjudicated by that decree, could not be attacked by reason of an alleged parol agreement on the part of the executor not to charge any commissions.

3. If the mortgagor, after the foreclosure of the mortgage, made certain payments with direction that they should be entered as credits on the mortgage fi. fa., which was accordingly done, this would reduce the amount due on the execution accordingly; and, even if the mortgagor was indebted to the plaintiffs in an additional amount on account of certain attorney's fees, the plaintiffs could not thereafter have the credits taken from the fi. fa. and applied to the payment of such unsecured attorney's fees; even though the amount, after being so received and applied on the mortgage execution, may have been paid to the attorneys.

4. If the executor was entitled to certain commissions, and if, during the administration and after the rendition of the decree allowing him commissions to a certain date, he stated to the attorney for the beneficiaries of the estate that he did not expect to charge commissions on the final accounting this mere statement, without consideration or without evidence to show that it had been acted upon, would not alone amount to a binding contract; and there was no error in so charging in substance.

5. Some of the grounds of the motion for a new trial were not so stated as to raise any specific point for decision; but the preceding headnotes decide the principal contentions, and no errors appear which require a reversal at the instance of the plaintiffs in error.

6. The beneficiaries of the estate entered into a written contract with the executor as an individual, by which they agreed to prosecute the litigation to a final termination, and, if possible, to set up and establish the priority of their mortgage over the second mortgage on the property, and, if such litigation should prove successful, to bring the property to sale under the mortgage fi. fa., bid it in, take the legal title thereto, and thereupon execute to the executor in his individual capacity a bond for title, "obligating themselves to reconvey said property to said T. R. Jones upon his payment to them of the full amount due by him to them, as the same matures according to the will of J. P. Jones, decd., on the debt held by them against him to secure which the mortgage now held by them was given; it being understood that said T. R. Jones shall remain acting executor of the estate of J. P. Jones, decd., unless he desires to resign, which he may do at any time." It was further agreed between the parties that in the event the beneficiaries of the estate should fail to succeed in the litigation mentioned, T. R. Jones should execute and deliver to them a second mortgage upon the property to secure the indebtedness owing by him to them, subject to the mortgage sought to be made second by the litigation, to a specified extent. *Held*, that whether or not under the general law, unaffected by contract, the beneficiaries of the estate might have filed an equitable proceeding to set aside the entry of cancellation made by the executor and to re-establish the mortgage, and, upon a successful termination of such proceeding, have held the executor individually liable for the expenses (including attorney's fees) of correcting his improper entry, yet where the parties did not pursue such a remedy, but entered into a contract of the character above stated, which included other things besides

the mere correction of the improper entry and the re-establishment of the mortgage, and provided for buying in the property and reconveying it upon the making, by the mortgagor (who was also the executor), of certain payments therein specified and which did not include any provision for the payment of attorney's fees and expenses by him, this superseded by contract any general legal right to recover such attorney's fees and expenses, if it would have otherwise existed.

(a) The written contract is on its face complete. It included mutual obligations presumably beneficial to the parties respectively. Additional agreements on the part of one party or the other can not be added thereto by parol evidence, there being no proceeding to correct the written contract on the ground of fraud, accident, or mistake.

(b) While it appears in the record that one of the beneficiaries of the estate was a minor at the time when he signed the contract, yet it appears that he became of age in 1910, that the contract has been acted on, a decree has been rendered, payments have been made upon it, and the plaintiffs in that litigation have sought to enforce the execution issued upon such decree since his arrival at age. Nor was his minority ever set up, pending the litigation, as a reason why it should not proceed.

(c) Under this ruling, the plaintiffs in the former litigation, who were the defendants in the present litigation, but who filed a cross-petition, were not entitled to recover attorney's fees and expenses on account of such former litigation.

7. Regardless of the question of whether there were any inaccuracies in the charge on the subject of commissions or the agreement on the part of the executor not to charge commissions, the uncontradicted evidence as to the cause which brought about this litigation after the decree was rendered establishing the mortgage, and that he has since its rendition made certain payments on his own indebtedness thus established, negatives any right on his part to charge commissions since the rendition of the decree; and nothing shown in this record establishes any right on his part to such commissions.

(a) Whatever may be the effect of the fact that in the decree which was rendered an allowance was made for certain commissions claimed prior thereto, so far as negativing or abrogating an alleged agreement on the part of the executor not to charge commissions, if he should be appointed, is concerned, this does not prove that, since the rendition of the decree, he has rendered services entitling him to further commissions, or that his conduct has not debarred him from claiming commissions.

(b) Under the evidence and the principles of law controlling this case, the litigation should be brought to an end, and it is unnecessary to direct a further trial because of the inclusion in the recovery of certain items to which the defendants in the court below (plaintiffs in cross-petition) were not entitled. The judgment is accordingly affirmed, with direction that it and the verdict be modified as follows: The amount found to be due on the mortgage fi. fa. is fixed at $1,886.52 principal, with interest thereon. The executor is not entitled to credit for commissions since the decree of August 17, 1908. The plaintiffs in the cross-petition in the court below are not entitled to recover the items

of expenses of the previous litigation, which were allowed to them by the verdict and judgment in the present case, nor interest thereon, nor the $1,000.00 attorney's fees and interest thereon. Let the judgment below be so modified as to conform to these directions.

*Judgment affirmed in each case, with direction. All the Justices concur.*
APRIL 27, 1914. REHEARING DENIED JUNE 16, 1914.

Equitable petition. Before Judge Fite. Bartow superior court. July 5, 1913.

*John T. Norris,* for plaintiff. *Thomas W. Milner & Son, Paul F. Akin,* and *Neel & Neel,* for defendants.