29148. MOSELEY *v.* ALSPAUGH *et al.*

DECIDED SEPTEMBER 12, 1941.

*Lawton Nalley, H. W. Nalley,* for plaintiffs.
*J. R. Powell Jr.,* for defendants.

GARDNER, J. The plaintiff in error and C. B. Griner, on December 17, 1940, filed suit in the superior court of Emanuel County against the defendants in error for recovery of commissions alleged to be due under a parol contract which was executed on November 28, 1940, by the plaintiffs selling for the defendants a tract of 1800 acres of land for $37,500 to one E. H. Hill. On the same date the plaintiffs, in accordance with the statutes, filed garnishment proceedings on which summonses of garnishment issued and were served on E. H. Hill, the Central Bank of Swainsboro, and the Citizens Bank located in Swainsboro. On the next day the defendants in error presented to the judge of the superior court an "action at law" which contained only the prayer "that the 'garnishment' be dismissed until a judgment has been rendered in said case." This petition in substance alleged a denial of the indebtedness asserted in the main case for commissions, denied making any sale contract, and further alleged that as a part of the transaction the purchaser of the land had made a cash payment of $5000 and $3700 in checks had been issued against the fund to clear the title; that by reason of such garnishments the checks could not be cleared through the banks and the account was "tied up;" and that the suit had been brought to harass the defendants and mulct them of these funds. On December 18 the judge of the superior court, at chambers, passed the following ex parte order: "Upon a hearing of this equitable petition it is considered, ordered, and adjudged that the garnishment hereinabove referred to, against E. H. Hill, the Central Bank, and the Citizens Bank, be and the same are hereby dismissed; it is further ordered that a hearing on this petition be and the same is hereby set for Jan. 13th, 1941, at Swainsboro, Ga., at 11 o'clock a. m. This December 18, 1940." The plaintiff in error assigns error on this judgment.

The writ of error in this case was first returned to the Supreme Court as one involving equity. The Supreme Court, on May 17, 1941, transferred the case to the Court of Appeals on the ground that there was no equity in the petition. See *Moseley* v. *Alspaugh*, 192 *Ga.* 216 (14 S. E. 2d, 737). Hence, the only question for this court to determine is whether, in an action at law, a judge has authority to dismiss a garnishment proceeding. We have been unable to find any law to sustain the exercise of such authority. The law with reference to garnishments is plainly set out in our statutes. So far as the record in this case shows, the requirements of the statutes provided in such cases for obtaining the garnishment were fully complied with. The defendants were not parties to the garnishment proceedings until dissolved as provided by law, although they were defendants in the main suit. *Foster* v. *Haynes*, 88 *Ga.* 240 (14 S. E. 570); *Leake* v. *Tyner*, 112 *Ga.* 919 (38 S. E. 343). See Code, §§ 8-501 et seq., 46-101 et seq., as to procedure and dissolution.

A garnishment proceeding is separate and distinct from the main case. It is a new cause of action. *Lamb* v. *Whitman*, 17 *Ga. App.* 687 (3) (87 S. E. 1095); *Woods* v. *Massachusetts Mills in Georgia*, 17 *Ga. App.* 422 (87 S. E. 688), and cit.; *Jones* v. *Maril*, 19 *Ga. App.* 216 (91 S. E. 445). The judge was without authority to pass the order of which complaint is made.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*