31825. McKENZIE, trustee *v.* BANK OF GEORGIA *et al.*

DECIDED FEBRUARY 3, 1948. REHEARING DENIED FEBRUARY 21, 1948.

*Victor K. Meador*, for plaintiff in error.

*Houston White, W. O. Wilson*, contra.

GARDNER, J. ■ ■ The main question before us for decision is whether or not a trustee in bankruptcy may file a claim to funds in a statutory action in a State court where such lien was obtained in a garnishment filed within four months prior to the petition in bankruptcy, without complying with the law with respect to the filing of claims as provided in the Code, § 46-402 or § 39-802. We think that he can not. There are certain ancillary questions in this record which it will be necessary to discuss in order to make clear the main question. Adjudication in bankruptcy does not invalidate the lien of a plaintiff in garnishment. The lien can be avoided only, first, if the lien was obtained within four months prior to adjudication in bankruptcy, and second, if at the time the lien was acquired the bankrupt was insolvent. *Morris Plan Bank of Georgia* v. *Simmons*, 201 *Ga.* 157 (39 S. E. 2d, 166), and citations. An adjudication in bankruptcy does not determine that a plaintiff lienholder in garnishment proceedings is not a proper adverse claimant. *Atlanta Flooring &c. Co.* v. *Russell*, 146 Fed. 2d, 884. It is now well settled that a trustee in bankruptcy may come into the State court in a proper proceeding and avoid the lien of a garnishment obtained within four months prior to the filing of a petition in bankruptcy if he can prove that

the bankrupt was insolvent at the time the lien was obtained. *Morris Plan Bank* v. *Simmons*, supra. The issue here is, what is a proper proceeding? It must be kept in mind that we are not dealing in this case with applications by Federal receivers and trustees to State court receivers or trustees. Such cases stand on a special statutory footing under the Bankruptcy Act, Title 11, § 11, subparagraph 21. In re Whitestar Refining Company, 74 Fed. 2d, 269. With reference to the powers of a bankruptcy court, we find that contained in Title 11, § 11, U.S.C.A. paragraphs 7, 15, 20, and 21. The statutory authorities have not been construed to give any jurisdiction to a bankruptcy court to determine claims against adverse claimants except where the claim is colorable and fictitious, and except where the claimant gives consent to such jurisdiction.

It will be noted that the receiver in the first document which he filed termed it an intervention, and in the second instrument which he filed designated it as a turnover order. He did not dismiss the first. We will discuss these documents in reverse order. Could it be, under the bankruptcy law, a turnover order? We think not. Turnover orders, under the meaning of the Bankruptcy Act, are proceedings the jurisdiction of which applies to either courts of bankruptcy or referees to grant. 11 U.S.C.A. §§ 66, 67, and 69. The failure to turn over in compliance with the order of a referee or a district judge is a contempt of court, and it is usually directed against the bankrupt or the bankrupt's agent. We refer to cases cited in U.S.C.A., Title 11, § 69, p. 284 et seq., and also cases cited in U.S.C.A., Title 11, § 11, p. 52. In Frederick v. Silverman, 250 Fed. 75, the court said: "In a turnover proceeding the issue is whether the bankrupt had property within his possession or control at the date of bankruptcy which he had retained and concealed from his trustee. This issue, being fundamental, must be raised and decided first. When the court has determined this issue against the bankrupt, and when the bankrupt has failed to comply with the court's order to turn over, the next proceeding is one of contempt. In the contempt proceeding, the question of the bankrupt's possession and concealment of property having been previously determined is not in issue. The only question is, whether the bankrupt is presently able to comply with the court's order previously made, and,

accordingly, whether he is defying its order. The difference in the issues of the two proceedings and the dependence of the latter upon the former compel their separate consideration and determination." Turnover proceedings, under the Bankruptcy Act, contemplate a hearing before either the district judge or the referee, after service on the party cited to appear. In re Morris, 152 Fed. 2d, 178. In the instant case, the plaintiff in garnishment was never cited to appear in the Federal court and no hearing was ever had in that court. As we construe the law, a referee in bankruptcy has no jurisdiction over a proceeding against a third person who claims the property in good faith unless the party gives consent. In re Roark, 28 Fed. Supp. 515. Where the possession of a third person is merely colorable and not real, the bankruptcy court may make sufficient inquiry to determine whether the adverse claim is real and substantial or merely colorable. In re Meiselman, 105 Fed. 2d, 995; Atlanta Flooring &c. Co. v. Russell, 146 Fed. 2d, 884; Peck v. Howard, 130 Fed. 2d, 1001. In re Freeman, 49 Fed. Supp. 163. If the claim be not merely colorable, the bankruptcy court has no jurisdiction to determine the controversy without the consent of the adverse claimant. Whitney v. Barrett, 28 Fed. 2d, 760. In the instant case, the record reveals without doubt that the bank has a real and substantial claim, which involves, as we have heretofore noted, a question of fact to be determined by a jury, and that question is whether the bankrupt was insolvent at the time the garnishment lien was obtained.

We come next to consider whether the first document or pleading which the trustee filed can be termed an intervention, as he designated it. It might be well to note here, as throwing some light on the question now under consideration, that the trustee in bankruptcy will be allowed to intervene in our State court, but as an intervenor he is not, in such a case as the instant one, exempt from the necessity of proper pleading and evidence, under the State laws. *Wikle* v. *Jones*, 133 *Ga.* 266 (65 S. E. 577); *Neill* v. *Barbaree*, 135 *Ga.* 771 (70 S. E. 638). It will be noted that the trustee in the instant case did not intervene as a plaintiff in garnishment and ask to be subrogated to the rights of the plaintiff in garnishment. This he could not have done to advantage, for

the record reveals that the funds on which the plaintiff in fi. fa. obtained the garnishment lien were not sufficient to pay the bank's claim. He did not intervene as a defendant in fi. fa. and traverse the answer of the garnishee and dissolve the garnishment by giving a bond. The trustee in bankruptcy stands in the shoes of the defendant in a garnishment proceeding, as an assignee of the title of the bankrupt defendant by operation of law. Thus so standing, he can have no advantage under the State procedure other than has the defendant in fi. fa. A defendant, in a garnishment proceeding, can not become a party defendant except by filing a dissolution bond. *Mosley v. Alspaugh*, 65 *Ga. App.* 772 (16 S. E. 2d, 514); *Rainey v. Eatonton Co-operative Creamery Inc.*, 69 *Ga. App.* 547 (26 S. E. 2d, 297).

Having seen that the documents or pleadings filed by the trustee are neither a turnover order nor a proper intervention within the provisions of the Bankruptcy Act or the State laws, we must conclude that it was an attempt by the trustee to file a claim without complying with the requirements of the State law, and we might further add that the provisions of the Bankruptcy Act give the trustee no authority to file a claim such as here without giving the claim bond as required by law.

It is contended by the trustee that the bond required of him in the bankruptcy court was sufficient, and that he was not required to file a claim bond as other individuals and as trustees and receivers appointed, who are under our State laws. If a trustee files a plenary suit in a State court such as a garnishment, attachment, dissolution of a garnishment, a counter-affidavit in a dispossessory proceeding, trover, appeal, certiorari, or any other State court proceeding which as a State requirement necessitates the filing of a bond applicable to such remedy, it is necessary for such trustee to file such bond as an integral part of the remedy. And in a garnishment proceeding as here, seeking to avoid a lien obtained by garnishment, the trustee must prove that the bankrupt was insolvent at the time the lien was obtained, in order to have such lien avoided in his favor and against the plaintiff in garnishment. This presents a jury question to be tried as all other jury questions are tried. *Morris Plan Bank of Georgia*, supra; 11 U.S.C.A. § 107 (a-1).

But the trustee contends that the bond which he was required to execute as trustee stands in lieu of the statutory bond

to which reference is made above. In our opinion the trustee's bond in a bankruptcy court does not take the place of a statutory bond in a garnishment case. For the prescribed form of a trustee's bond in bankruptcy, see 11 U.S.C.A., following § 53, form 23, p. 168. The bond of the trustee in bankruptcy, as required by the Bankruptcy Act, is conditioned: (1) that the trustee shall obey the laws of the U.S. bankruptcy court; (2) shall account for the money, assets, and effects of the estate of the bankrupt which shall come into his hands and possession; (3) shall faithfully perform his official duties. We might refer to the language of the Bankruptcy Act requiring the bond of the trustee. See 11 U.S.C.A., Chapter 5, § 78. We find in no case under the said § 78, any suggestion that the trustee's bond takes the place of the State statutory bonds which are an integral part of our State-court procedure. If a trustee in bankruptcy desires to take advantage of the remedies provided by our State laws, he must comply with the procedural requirements as any individual must comply. In the instant case he did not do this. In filing his designated "intervention" and "turnover order," he was proceeding erroneously. At first he seems to have been under the impression that he could, without any sort of court procedure, demand of the garnishee the funds which it had on hand due the bankrupt. And he did receive them from the garnishee. But the trustee and the garnishee, realizing that they were without authority to do this, sought then to claim the garnishment funds without complying with the statutory requirements. The order of the district judge and the referee in bankruptcy being ex parte, and no consent having been given the bankruptcy court by the plaintiff in fi. fa. to take jurisdiction, was nothing more or less than an authorization for the trustee to bring plenary action in compliance with the State procedural laws.

Able counsel for the trustee cite and rely upon U.S.C.A.; Title 11, § 11, subsection a (3), § 107 (f) ; Shor v. McGregor, 108 Fed. 2d, 421; 41 Am. Bankruptcy Reports (N.S.), 477.; In re Whitcomb, 61 Fed. Supp. 942, affirmed 154 Fed. 2d, 1020; Pennsylvania Central Brewing Company, 135 Fed. 2d, 60, Weinger, Bergman & Company, 126 Fed. 875; McGahee v. Cruickshank, 133 Ga. 649 (66 S. E. 776) ; St. John v. Johnson, 54 Ga. App. 89 (187 S. E. 134) ; Roberts v. Seanor, 46 Ga. App. 5 (6) (166 S. E.

375) ; *Armour Packing Company* v. *Wynn,* 119 *Ga.* 683 (46 S. E. 865) ; *Morris Fertilizer Co.* v. *Jackson,* 27 *Ga. App.* 567 (110 S. E. 219) ; *Barnes* v. *Snyder,* 33 *Ga. App.* 501 (126 S. E. 863) ; *Morris Plan Bank of Georgia* v. *Simmons,* supra. We will not discuss in detail these cases, which counsel for the trustee in bankruptcy has called to our attention. When we view them under their record and facts, in the light of the record and facts in the instant case, and the Bankruptcy Act and the decisions which we have pointed out and cited in the foregoing portions of this opinion, we do not think that the citations of counsel for the trustee are sufficient as a matter of law to sustain the contentions of the trustee in bankruptcy.

The Appellate Division of the Civil Court of Fulton County properly struck the trustee's purported claim, and entered judgment in favor of the plaintiff in the garnishment proceedings. *Judgment affirmed. MacIntyre, P.J., and Townsend J., concur.*