## 55178. KAUFFMAN v. KAUFFMAN et al.

SMITH, Judge.

We reverse, as the trial court erred both in dismissing this garnishment action for failure to provide notice to the debtor-defendant (hereinafter called "defendant") and in ordering that a sum of money paid into the court's registry by the garnishee be refunded to the defendant.

On dismissing the action the court entered conclusions of law which, in part, read as follows: "The Plaintiff diligently sought to comply with one or more of the cumulative service provisions of Ga. Code § 46-105 and technically complied with the terms thereof. The Court finds, as a matter of law, however, that implicit in the Code Sections, and specifically Code § 46-105 (a) (4) and (c) is that the Defendant shall actually receive such notice. While the Plaintiff established in this case that notice had been mailed to the Defendant, Plaintiff did not establish that the notice had actually been received by the Defendant, and it is the conclusion of this Court, notice being the essence of due process, that the Defendant, under the facts of this case, did not receive notice as required by the Constitution of the State of Georgia and of the United States.

"The Court further concludes any Summons of Garnishment issued by this Court subsequent to the filing of the Traverse by the Defendant violated the provisions of Ga. Code § 46-401, and any money paid into the Registry of this Court as a result of the Summons of Garnishment issued subsequent to the date of the Defendant's filing of the Traverse are to be refunded to the

Defendant instanter.

"This Court, having found that defendant's Motion to Dismiss on the basis of a lack of notice is proper, makes no ruling on the issues raised in Defendant's Traverse, and the Traverse remains pending as a pleading in this proceeding."

1. The court erred in holding that appellants had the burden to establish defendant's receipt of the written notice of garnishment. The evidence conclusively showed that, within three business days after service of the summons of garnishment on the garnishee, appellants sent notice, by certified mail, to defendant at his residence address in Houston, Texas. That mailing plus the levy and attachment of the lien of garnishment constitute sufficient notice to defendant. Ga. L. 1977, pp. 159, 161 (Code Ann. § 46-105 (a) (4)). The fact that the certified letter of notice was later returned marked "unclaimed" does not require a different conclusion.

2. The court also erred in concluding that the summons of garnishment issued subsequent to the filing of the traverse was violative of Ga. L. 1976, pp. 1608, 1616 (Code Ann. § 46-401) and in ordering that funds paid into the court's registry subsequent to the filing of the traverse be refunded to defendant. Ga. L. 1976, pp. 1608, 1616 (Code Ann. § 46-401) provides, in part: "Upon the filing of the defendant's traverse, *and at the defendant's application therefor,* a judge of the court in which the case is pending shall order a hearing to be held not more than 10 days from the date such traverse is filed. Such hearing is available to the defendant as a matter of right after filing his traverse, and no further summons of garnishment may issue, nor may any money or other property answered subject to garnishment be disbursed until such hearing is held." (Emphasis supplied.) The facts conclusively show that defendant filed his traverse on March 29, 1977, that he did *not* move for a hearing on the traverse and that a summons of garnishment was issued to the garnishee on April 18, 1977. Defendant not having moved for a hearing on the issues made by the traverse, the summons of garnishment issued on April 18 was not violative of Ga. L. 1976, supra. Accordingly, the funds paid into the court's registry pursuant to that

summons should not have been refunded to appellee. See Ga. L. 1976, pp. 1608, 1610 (Code Ann. § 46-103).

3. The trial court did not err in concluding that the traverse "remains pending as a pleading in this proceeding." Appellants' contention to the contrary notwithstanding, the defendant's failure to move for a hearing on the traverse within ten days of the filing thereof did not render moot the issues presented by the traverse. See Ga. L. 1976, pp. 1608, 1621 (Code Ann. §§ 46-511 and 46-512). After trial on those remaining issues, the sums paid into the court's registry (including those erroneously ordered refunded to defendant) should be disbursed in accordance with the court's resolution of the issues.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

SUBMITTED JANUARY 5, 1978 — DECIDED APRIL 11, 1978.

*Dunaway, Haas & Broom, George A. Haas,* for appellant.
*Larry S. Bryant,* for appellees.