## 60695. DOWNS TRANSPORTATION COMPANY, INC. v. CITY NEWS, INC.

SHULMAN, Judge.

Appellant-garnishee appeals the judgment of the trial court entered in a garnishment proceeding, granting plaintiff-garnishor's motion to dismiss the answer of garnishee and entering default judgment in favor of plaintiff. The trial court premised its order on the insufficiency of appellant's answer. In response to plaintiff's affidavit, the garnishee filed an answer contending that the garnishment proceeding was barred by defendant's bankruptcy proceeding. We cannot agree that such answer was insufficient as a matter of law.

There is a distinction between the sufficiency of an answer and its validity. We are not concerned here with the validity or truthfulness of the garnishee's answer, only with its sufficiency. Here, the garnishee's defense was that the defendant had filed a petition in bankruptcy. It was apparently the garnishee's contention that any wages accruing to defendant were, by operation of bankruptcy law, owed to the trustee and that, therefore, it possessed no funds subject to garnishment. (See in regard to the precedence of the claim of a trustee in bankruptcy, *McKenzie v. Bank of Ga.,* 76 Ga. App. 539 (1a) (46 SE2d 356)).

The fact that the garnishee's defense may not be valid does not render its answer insufficient. We conclude, therefore, that the garnishee's answer, which although inartfully drafted, did raise a defense to plaintiff's garnishment (that garnishee had no funds in its possession subject to garnishment on account of defendant's petition in bankruptcy) did not warrant the trial court's grant of default judgment in favor of the plaintiff on the grounds of the answer's insufficiency.

We hereby express no opinion as to the validity of appellant-garnishee's answer. That determination must be made on the trial of plaintiff's traverse.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 14, 1981.

*Arthur B. Seymour,* for appellant.
*Bennett Grude,* for appellee.