63833. STONE et al. v. GEORGE F. RICHARDSON, INC.

SOGNIER, Judge.

On January 8, 1981 George F. Richardson, Inc. (Richardson) filed two summons of garnishment against Dr. William D. Stone, naming William D. Stone, M.D., P.C. and Stone & Rozema, D.D.S. P.C. as garnishees. The petitions alleged that Dr. Stone was indebted to Richardson in the amount of $28,183.51 pursuant to a judgment entered against him on November 13, 1975, and the balance'due on the judgment was $25,581.46. Both professional corporations filed answers to the garnishments claiming that neither was indebted to Dr. Stone in any amount during the period of the garnishments. Richardson traversed the answers alleging that each and every statement in the answers was untrue. The trial court consolidated the cases for trial and after hearing evidence concluded that the answers filed by the corporations were untrue and that, as a matter of law, no answers had been filed. The trial court entered judgment against the two corporations in the amount of $24,715.41, plus $11,717.39 interest, and $40 costs; this appeal is from that judgment.

1. Appellants contend that the trial court erred in striking their answers and in entering judgment against them as in the case of default. The corporation/garnishees answered claiming that they owed no money to Dr. Stone. The trial court found that their answers were untrue. There is a distinction between the sufficiency of an answer and its validity. The fact that the garnishees' defenses may not be valid does not render its answer insufficient. *Downs Transp. Co. v. City News, Inc.,* 157 Ga. App. 136 (276 SE2d 280) (1981). Thus, it was error to strike appellants' answers.

However, the trial court found as a matter of fact that appellants' answers were false and untrue and that Dr. Stone worked, earned income and was entitled to receive income from each of the corporations. The evidence further indicated that in January 1981 Dr. Stone and the corporations made an arrangement whereby technically he ceased to draw a salary from the corporations. " 'All debts owed by the garnishee to the defendant at the time of service of summons of garnishment upon the garnishee and all debts accruing from the garnishee to the defendant from the date of service to the date of the garnishee's answer shall be subject to process of garnishment, and no payment made by the garnishee to the defendant or to his order, *or by any arrangement between the defendant and the garnishee after the date of the service of the summons of garnishment upon the garnishee shall defeat the lien of garnishment.*' Code Ann. § 46-301 (a). 'The other arrangements referred to mean arrangements constituting "fraud and collusion between the defendant and the garnishee." [Cit.]' *W. C. Caye & Co. v. Milledgeville Banking Co.,* 91 Ga. App. 664, 668 (86 SE2d 717) (1955)." *Gant, Inc. v. Citizens &c. Nat. Bank,* 151 Ga. App. 212, 213 (259 SE2d 485) (1979). The finding by the trial court here was tantamount to a finding of fraud and collusion between Dr. Stone and appellants. Such a finding is supported by the evidence and we will not disturb it. Id., at 215.

2. The trial court entered judgment in favor of Richardson in the amount of $24,715.41, plus $11,717.39 interest and $40 in costs. However, in its findings of fact, the trial court stated: "The Court also finds that from the evidence introduced in this case, it is impossible to determine what monies were due Dr. Stone from the two corporations." While we agree with the trial court that some amount is due Richardson, we must remand the case for further proceedings.

Code Ann. § 46-514 provides: "On the trial of plaintiff's traverse, if the court finds the garnishee has failed to properly answer the summons, the court shall disallow any expenses claimed by the garnishee and render a judgment for any money or other property delivered to the court with the garnishee's answer, *plus any money or other property the court finds subject to garnishment which the garnishee has failed to deliver to the court:* Provided, however, that the total amount of such judgment shall in no event exceed the amount claimed due by plaintiff, together with the costs of the garnishment proceeding." (Emphasis supplied.)

We think the trial court's order is defective for two reasons. First, the trial court failed to indicate what monies were due Dr. Stone from the corporations and, therefore, failed to find what money was "subject to garnishment." Secondly, the court entered judgment

for interest due on the original amount owed and stated in the summons of garnishment to be $28,183.51. However, as to the garnishee, "the total amount of such judgment shall in no event exceed the amount claimed due by plaintiff . . ." Code Ann. § 46-514.

*Judgment reversed and case remanded for further proceedings not inconsistent with this opinion. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 14, 1982.

*Thomas J. McHugh, Jr.,* for appellants.
*Sally A. Blackmun,* for appellee.