65569. WORSHAM BROTHERS COMPANY, INC. v. FEDERAL DEPOSIT INSURANCE CORPORATION.

McMURRAY, Presiding Judge.
Federal Deposit Insurance Corporation (FDIC) obtained a judgment against Earl S. Worsham in Florida and had the judgment

domesticated in Georgia on November 10, 1981, in the amount of $89,831.93 in principal and $8,210.94 in interest. Worsham failed to satisfy the judgment and he had no assets to attach. FDIC then sought to garnish Worsham's wages from his employer, Worsham Brothers Company, Inc. (of which Earl S. Worsham is the ninety percent owner, chairman of the board and apparently the sole director and chief executive officer).

FDIC did not traverse the first two answers of the garnishee Worsham Brothers Company, Inc. to the summons of continuing garnishment, but traversed the third. A rule nisi was issued, ordering the garnishee to appear before the court and show cause why judgment should not be entered in favor of plaintiff in the full amount of the garnishment sought. A hearing was conducted on the traverse pursuant to the rule nisi, during which both plaintiff and the garnishee presented evidence. The trial court was not persuaded by the garnishee's contention that defendant neither received nor was receiving any compensation from the company and, accordingly, entered 'judgment in favor of plaintiff. The garnishee appeals. *Held:*

1. The garnishee first contends that it was entitled to a jury trial. This is incorrect. The right to a jury trial in civil cases guaranteed by the Constitution of Georgia, Art. VI, Sec. XV, Par. I, exists only as to those cases in which the right to jury trial existed at common law or by statute when the Constitution was adopted in 1798. *Cawthon v. Douglas County,* 248 Ga. 760, 761-764 (1) (286 SE2d 30); *Williams v. Overstreet,* 230 Ga. 112, 116 (195 SE2d 906); *Beasley v. Burt,* 201 Ga. 144 (2), 150-151 (39 SE2d 51); *Kilgore v. Life Ins. Co. of Ga.,* 138 Ga. App. 890, 892 (3) (227 SE2d 860); see also *Williams v. State,* 138 Ga. App. 662, 663 (3) (226 SE2d 816). Garnishment did not exist at common law. *Kirchman v. Kirchman,* 212 Ga. 488, 491 (93 SE2d 685); *Rager v. Maxon Shirt Co.,* 210 Ga. 408 (1) (80 SE2d 183). It was not created by statute in Georgia until 1822. Ga. Laws 1822, Cobb, pp. 77, 78, later codified as Title 46 in the Code of 1933 (repealed by Ga. L. 1976, p. 1608 et seq., enacting a new Title 46; now OCGA Ch. 18-4). Thus, there is no constitutional right to a jury trial in garnishment proceedings. Inasmuch as the General Assembly has not subsequently created the right by law, there is no statutory right to a jury trial in garnishment proceedings either. See generally in this regard OCGA § 9-11-38 (formerly Code Ann. § 81A-138 (Ga. L. 1966, pp. 609, 652)) and the garnishment title, former Code Ann. Title 46 (now OCGA Ch. 18-4, effective November 1, 1982). The trial court may, however, in its discretion, grant a request for a jury trial. See OCGA § 9-11-39 (formerly Code Ann. § 81A-139 (Ga. L. 1966, pp. 609,

652)); *Nat. Health Svcs. v. Townsend,* 130 Ga. App. 700, 702 (1) (204 SE2d 299); *Peoples Bk. of Bartow County v. Northwest Georgia Bk.,* 139 Ga. App. 264, 266 (1) (228 SE2d 181), but there is nothing in the record showing that such a request was made, or if made, that the denial of the request was a manifest abuse of discretion.

In garnishment, the "trial" of a traverse is routinely accomplished in the form of an evidentiary hearing pursuant to a rule nisi. See *Ayers v. Long,* 160 Ga. App. 478 (287 SE2d 337); *Kauffman v. Kauffman,* 145 Ga. App. 648, 649-650 (2) and (3) (244 SE2d 613). See also the sample order provided in OCGA § 18-4-66 (3) (formerly Code Ann. § 46-605 (c) (Ga. L. 1976, pp. 1608, 1623)), applicable in the continuing garnishment setting via OCGA § 18-4-110 (formerly Code Ann. § 46-701 (Ga. L. 1980, pp. 1769, 1775; 1981, p. 383)), and OCGA §§ 18-4-6 (4) (formerly Code Ann. § 46-307 (d) (Ga. L. 1976, pp. 1608, 1616)), and 18-4-92 (formerly Code Ann. § 46-514 (Ga. L. 1976, pp. 1608, 1622)). This procedure was followed in the case sub judice. We find no error.

2. The garnishee contends that the trial court erred in striking its answers. Relying on *Stone v. George F. Richardson, Inc.,* 163 Ga. App. 86 (1) (293 SE2d 746), the garnishee correctly asserts that "it is clearly held that a garnishee's answer may not be struck, even if it is invalid, false, untrue or the product of fraud and collusion." The trial court struck the traversed answer on the ground that the defenses raised in it were untrue and implicitly that the answer was the product of fraud and collusion. These stated reasons do not render an answer to be insufficient and cannot serve as the basis for striking the answer. Thus, the court erred in striking the answer. See *Thacker Constr. Co. v. Williams,* 154 Ga. App. 670 (2) (269 SE2d 519); *Marbut Co. v. Capital City Bk.,* 148 Ga. App. 664 (1) (252 SE2d 85).

However, this case is unlike *Stone v. George F. Richardson, Inc.,* 163 Ga. App. 86, supra, where the trial court not only erroneously struck the garnishee's answer, but also found that it was impossible to ascertain what monies were due the defendant by the garnishee. See *Stone,* supra, at page 87. That case was remanded partly for that determination. Id. at 87-88. In the case sub judice, the trial court conducted a full evidentiary hearing on plaintiff's traverse, as noted, supra, and concluded that the entire compensation arrangement between defendant and the garnishee (consisting entirely of a series of substantial "loans" from the garnishee to defendant) as well as the modification of the arrangement after the summons of garnishment was issued (thereafter making the "loans" to defendant's wife) constituted a fraudulent and collusive attempt on the part of both

defendant and the garnishee to avoid and defeat plaintiff's lien of garnishment. The court found that the garnishee owed defendant at least as much as the amount of plaintiff's outstanding judgment, and this finding is supported by the record. Thus, while the striking of the answer was erroneous, it did not result in reversible error.

The trial court not only struck the traversed answer, but also the two previous untraversed answers. This was improper for the additional reason that answers not timely traversed stand as true and may not be subsequently challenged. See *Akins v. Magbee Bros. Lumber &c. Co.,* 152 Ga. App. 904 (1), 906 (264 SE2d 334), and cits; OCGA § 18-4-114 (formerly Code Ann. § 46-707 (Ga. L. 1980, pp. 1769, 1778)). Nevertheless, the garnishee has failed to show any harm in the striking of these answers. Therefore, we hold that the error as to these answers is of no consequence as well. Although the garnishee is discharged from liability for wages accruing to defendant or property of the defendant held by the garnishee from April 6, 1982 (date of service of the summons of continuing garnishment) until July 8, 1982 (ending date of the periods covered by the two previous answers), the garnishee is liable to plaintiff thereafter as provided in OCGA § 18-4-111 (formerly Code Ann. § 46-702 (Ga. L. 1980, pp. 1769, 1775)). The judgment does not state otherwise, and therefore we find no reversible error.

3. Closely related to the contention above, the garnishee asserts that the trial court erred in considering evidence from the periods covered by the untraversed answers. This contention is without merit. OCGA § 18-4-114 (Code Ann. § 46-707), supra, automatically discharges the garnishee from liability to plaintiff with regard to those periods but it does not immunize the garnishee from evidence obtained during those periods that is probative toward liability in a subsequent period.

4. The garnishee challenges the garnishment award and judgment on a number of additional grounds. The trial court awarded plaintiff "the amount of the plaintiff's outstanding judgment," $97,082.07, plus interest of $8,210.94; attorney fees in the amount $500; and costs of $30. Plaintiff concedes that the interest ought to be stricken.

We disagree with plaintiff (to its advantage). In its affidavit for garnishment, plaintiff prayed for $89,831.93 principal, plus interest of $8,210.94. Therefore, the interest was properly included in the award and judgment. However, the principal amount in the award and judgment ($97,082.07) exceeds the amount prayed for ($89,831.93) by $7,250.14 and that excess must be stricken from the judgment. OCGA § 18-4-92 (Code Ann. § 46-514), supra.

We also find that the award of attorney fees was improper.

Attorney fees are not allowed unless authorized by statute or by contract. See *Bowers v. Fulton County,* 227 Ga. 814 (183 SE2d 347); *Money v. Thompson & Green Machinery Co.,* 155 Ga. App. 566, 567 (271 SE2d 699); *Solomon Refrigeration v. Osburn,* 148 Ga. App. 772, 773 (2) (252 SE2d 686), and neither mode of authorization is present in the case sub judice. Furthermore, we find that the general litigation expenses statute, OCGA § 13-6-11 (formerly Code § 20-1404), cannot be applied in this instance (see in this regard *Bankers Fidelity Life Ins. Co. v. Oliver,* 106 Ga. App. 305 (3) (126 SE2d 887)) because OCGA § 18-4-92 (Code Ann. § 46-514), supra, provides that "the total amount of such judgment *shall in no event* exceed the amount claimed due by plaintiff, together with the costs of the garnishment proceeding." (Emphasis supplied.) Attorney fees are not included in "costs." *Bowers v. Fulton County,* 227 Ga. 814, supra. Therefore, we hold that the $500 in attorney fees must be stricken from the judgment as well because that part of the judgment is part of the excess over the amount authorized. OCGA § 18-4-92 (Code Ann. § 46-514), supra. Consequently, the total sum of $7,750.14 must be stricken from the judgment.

As to the principal amount, we find that the trial court was authorized to find the garnishee liable to plaintiff based upon the evidence and also the near transparency of the corporate veil shielding defendant behind the garnishee. See *Bone Constr. Co. v. Lewis,* 148 Ga. App. 61, 63 (4) (250 SE2d 851); see also *Jones v. Maghdoussian,* 159 Ga. App. 839, 841 (2) (285 SE2d 267); *Casey v. Carrollton Ford Co.,* 152 Ga. App. 105 (1) (262 SE2d 255). It is apparent from the record that the garnishee owes defendant whatever defendant would like garnishee to owe him and, under such circumstances, it is appropriate to disregard the corporate identity as a separate entity.

5. The remaining enumerations of error are without merit.

*Judgment affirmed with direction. Shulman, C. J., and Birdsong, J., concur in the judgment only.*

DECIDED JUNE 8, 1983 —
REHEARING DENIED JUNE 28, 1983 — ▮▮▮▮▮▮▮

*Thomas C. Harney, James M. Adams III,* for appellant.
*Robert W. Patrick, Jr., William G. Leonard,* for appellee.