A94A0257. W. R. LEASING, INC. v. AETNA CASUALTY & SURETY.
(440 SE2d 714)

BIRDSONG, Presiding Judge.

We granted this discretionary appeal of a garnishment judgment against W. R. Leasing, Inc. in the amount of $123,573.67 plus post-judgment interest as of November 24, 1992, accruing at $31.50 per

day. The garnishment action is based on a judgment obtained by appellee Aetna Casualty & Surety against Walter Preston Rash. W. R. Leasing answered the garnishment petition by saying it had no money or property of the debtor Walter P. Rash and owed him no money. Aetna traversed this answer merely by stating "that same is untrue or legally insufficient." The trial court found more credible Aetna's evidence that Rash was employed at W. R. Leasing and was at one time listed as an officer of W. R. Leasing; it concluded that "garnishee has failed to answer properly the summons of garnishment," and awarded the judgment. *Held*:

The trial court erred in issuing this garnishment judgment. There is no finding by the trial court that W. R. Leasing, Inc. has any money subject to garnishment for the debt of Walter Preston Rash. OCGA § 18-4-92 provides that "[o]n the trial of the plaintiff's traverse, if the court finds the garnishee has failed to answer properly the summons of garnishment, the court shall . . . enter a judgment for any . . . money or other property [which] *the court finds subject to garnishment*." (Emphasis supplied.) It is insufficient for the trial court merely to grant the plaintiff's traverse and to award the plaintiff whatever money it swears is owed by a defendant. The trial court must specifically find that the garnishee has money owing to or belonging to the defendant debtor. *Stone v. George F. Richardson, Inc.*, 163 Ga. App. 86 (2) (293 SE2d 746). Although the trial court found that neither the defendant nor the garnishee filed any opposition to Aetna's affidavit stating how much Mr. Rash owes Aetna, this does not prove the garnishee has any money of Mr. Rash.

The parties create much confusion about whether Mr. Rash ever worked for W. R. Leasing; whether "W. R." in the garnishee's name stands for Walter P. Rash, for its president (Alan Walker), or for "we rent"; and whether Mr. Rash was merely a childhood friend of W. R. Leasing's principal, or was an employee or owner of W. R. Leasing. The garnishee insists that a private detective's statement that he saw Walter P. Rash hiding and sitting behind a desk at W. R. Leasing's premises is nothing but hearsay along with all the other evidence asserted by Aetna to show that Walter P. Rash was at least an employee of W. R. Leasing. These gross disputes merely prove the necessity for a proper finding by the trial court. There might be evidence to support a finding that Mr. Rash was an employee of W. R. Leasing, but where so much deception is alleged on the one hand and so much mistake on the other, the trial court should find precisely what facts justify a garnishment. Even if it is not required to state the exact relation between the defendant and the garnishee, the trial court must find the garnishee actually has money of the defendant debtor, i.e., money *"subject to garnishment."* (Emphasis supplied.) OCGA § 18-4-92.

Further, Aetna asserts: "W. R. Leasing's refusal to produce any records to rebut appellee's contention that W. R. Leasing was indebted for the entire amount results in the presumption that, in fact, W. R. Leasing owed the entire amount." This is a misleading statement. The basis of the suit is not that the *garnishee* owes any money to Aetna; the defendant debtor owes the money, and the garnishee is required to pay it only if it is found to have money belonging to or owed to the defendant debtor. The failure to produce records is a matter of evidentiary proof, but no "presumption" is raised by a garnishee's mere failure to produce records rebutting a contention that the garnishee owes the whole amount. The burden of showing that the garnishee has money of the debtor is on the creditor who traverses the garnishee's answer. *Fontaine v. Stuhler*, 172 Ga. App. 584 (323 SE2d 881). This is not proved by or presumed from the garnishee's failure to produce records proving the debtor was never employed by the garnishee.

What Aetna is really alleging is not a garnishment matter but is W. R. Leasing's own debt liability and fraud. If the debt is really that of W. R. Leasing, Aetna must sue W. R. Leasing and bear the burden of proof; it cannot avoid its burden to prove fraud or to pierce the corporate veil merely by filing a garnishment action where it thinks less proof is required. Appellant says it is a one-man business and will be ruined if it has to pay this judgment, and it could work the other way around, with a poor man's debt being squeezed out of a wealthy corporation where he was once employed or was even once an officer.

If W. R. Leasing has money of Mr. Rash, it is subject to garnishment; otherwise not. The trial court may need to determine Mr. Rash's relationship to W. R. Leasing before it can determine whether W. R. Leasing has his money. In any case, to award garnishment the trial court must find as fact specifically that W. R. Leasing has a specific amount of money owing to or belonging to the debtor, Walter P. Rash. The judgment is reversed and the case remanded for proper finding of the facts by the trial court as required by law (see *Stone*, supra), after which an appeal may be taken as provided by law.

*Judgment reversed and remanded with direction. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 3, 1994.

*Walter M. Henritze, Jr.*, for appellant.
*Harman, Owen, Saunders & Sweeney, Perry A. Phillips, L. Katherine Adams*, for appellee.