## 14344. Cox *v.* WHITE.

BROYLES, C. J. 1. Where a landlord furnishes to his cropper everything to make the crop, except labor (which is furnished by the cropper, his family, and others employed by him), the net amount due the cropper after full settlement with the landlord is in the nature of wages paid to day laborers (*Thompson* v. *Passmore,* 9 *Ga. App.* 771, 72 S. E. 185; *McElmurray* v. *Turner,* 86 *Ga.* 215, 12 S. E. 359); and, under the provisions of section 5298 of the Civil Code of 1910, as amended by act of August 14, 1914 (Ga. L. 1914, p. 62), only fifty per cent. of the excess of $1.25 per day of all wages of a laborer is subject to garnishment.

2. Since the burden of proving that the garnishee was indebted was on the garnishing creditor, who traversed the answer of the garnishee (*Rockmart Bank* v. *Nix,* 14 *Ga. App.* 238, 239, 80 S. E. 673), it was incumbent upon the plaintiff in the instant case, under the principle announced in the preceding paragraph, to affirmatively show, (1) that there had been a full settlement between the landlord and the cropper, and (2) that after allowing the cropper $1.25 per day for himself and his laborers, there remained in the hands of the landlord— the garnishee — a balance due the cropper. The plaintiff failed to carry this burden, and therefore the verdict in his favor was contrary to law and the evidence, and the court erred in overruling the motion for a new trial. *Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 15, 1923.

Garnishment; from Morgan superior court — Judge Park. January 5, 1923.

*M. C. Few,* for plaintiff in error.     *E. R. Lambert,* contra.