## 58240. A. C. WHITE TRANSFER & STORAGE COMPANY, INC. v. GRADY MEMORIAL HOSPITAL et al.

SHULMAN, Judge.

Grady Memorial Hospital (appellee-garnishor) instituted a garnishment action against A. C. White Transfer & Storage Company (appellant-garnishee) to satisfy a judgment obtained against Alvin Burks. A. C. White answered the summons of garnishment, stating that between the time of service of the summons and through the date of the answer, it neither owed Burks anything nor became indebted to him, and denying possession of any property or effects of Burks. A traverse was filed and the case was heard before a trial court sitting without a jury. On appeal, we reverse the judgment in favor of Grady against A. C. White.

1. The trial court held that certain monies advanced by A. C. White to the judgment debtor (Burks) between the time of the summons and answer were "debts owed" by the garnishee within the meaning of Code Ann. § 46-301, and thus subject to garnishment. In its sole enumeration of error, appellant submits that the court erred in so holding. We agree.

The question as to whether such garnishee is or is not indebted to the defendant, or whether such garnishee has assets of such defendant in its hands, should be ascertained by a comparison of their respective claims or accounts (the garnishee not being allowed to increase the indebtedness to itself, for the purpose of this comparison, after the service of the summons). *Mutual Reserve &c. Ins. Co. v. Fowler,* 2 Ga. App. 537, 543 (59 SE 469).

The evidence as developed showed without contradiction that at the time of the service of summons, Burks (a self-employed contract driver transporting cargo for appellant on a revenue percentage basis) was indebted to appellant-garnishee in the amount of $5,030. Although the evidence further showed that $3,410 was advanced to the defendant-judgment debtor during the period between the summons and the answer, there is no evidence of the judgment debtor's earnings for that period. If the amounts advanced to the defendant had

been deducted and used to diminish the anterior indebtedness instead of to increase it, the evidence still showed the defendant to be in the debt of appellant-garnishee. Thus, "since the burden of showing that the garnishee was indebted was on the creditor who traversed the answer of the garnishee." (*Rockmart Bank v. Nix,* 14 Ga. App. 238, 239 (80 SE 673)), and since the evidence failed to show any debt owing or accruing between the time of the service of summons and the answer, there was no competent evidence to sustain the judgment of the trial court. *Mutual Reserve &c. Ins. Co.,* supra. See also *J. Austin Dillon Co. v. Edwards Shoe Stores,* 53 Ga. App. 437 (186 SE 470), noting that the garnishment lien is intended to reach something actually due the defendant and which the defendant could have forced the garnishee to pay. (In the instant case, under the evidence as developed, the defendant could not have compelled payment of the advancements, whether such advancements be for "operating expenses" or "commissions").

2. Because the evidence failed to show any indebtedness had accrued so as to be subject to a lien of garnishment, it follows that there could be no payments made by the garnishee to the defendant and no arrangement between the defendant and the garnishee to defeat the garnishment. *Mutual Reserve &c. Ins. Co.,* 2 Ga. App. 537 (4), supra. Compare *Gant, Inc. v. C & S Nat. Bank,* 151 Ga. App. 212, where the evidence was sufficient to authorize a finding that the garnishee and the defendant had engaged in acts to defeat the garnishment.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

SUBMITTED JULY 3, 1979 — DECIDED OCTOBER 16, 1979.

*Robert E. Hall,* for appellant.
*Robert S. Travis, Curtis M. Cook,* for appellees.
Alvin Burks, *pro se.*