### 68817. FONTAINE v. STUHLER et al.
(323 SE2d 881)

McMurray, Chief Judge.

This garnishment case was predicated upon a consent judgment which was entered on September 6, 1983, in an interpleader action. Pursuant to the consent judgment, Ronald C. Fontaine, the plaintiff in the case sub judice, was to recover the sum of $22,053.77 from First Citizens Municipal Corporation. It was further stipulated that the sum of $25,000, which had been interpleaded by Hereth, Orr & Jones, Inc., be disbursed by the clerk of the court as follows: "Pay to Ronald C. Fontaine the sum of $12,500.00 (thus leaving the judgment unsatisfied in the amount of $9,553.77); Pay to Hereth, Orr & Jones, Inc. the sum of $1,272.73; Pay to First Citizens Municipal Corporation the balance, after costs." Immediately after the entry of the consent judgment, Fontaine brought these garnishment proceedings naming First Citizens Municipal Corporation (First Citizens) as defendant, and Gregory E. Stuhler, Michael Siemer and Cathy Siemer, as garnishees. Stuhler was counsel for First Citizens; Michael Siemer was the sole operating officer of First Citizens and Cathy Siemer is the wife of Michael Siemer. Each garnishee filed an answer to the summons of garnishment stating that they held no sums or property which were subject to garnishment. Fontaine traversed the answers of the garnishees. Thereafter, Mr. and Mrs. Siemer amended their answers stating that they "may have various pieces of office furniture and various filing cabinets that are the property of First Citizens Municipal Corporation." The Siemers added that "[a]n exact inventory is not possible at this time because of the location of the items above referred to. However, garnishee stands ready to deliver these items to plaintiff at the direction of the Court." Plaintiff filed a traverse to each of the amended answers. All of the traverses were consolidated for trial. Following a non-jury trial on March 5, 1984, the trial court found in favor of the garnishees and against the plaintiff. The court added, however, that the plaintiff could proceed against the property, as provided by law, which the Siemers set forth in their amended answers to the garnishments. This appeal followed. *Held*:

1. Although the new appeals procedure in cases involving garnishment has no application to the case sub judice, we point out that effective July 1, 1984, OCGA § 5-6-35 was amended in order to set forth additional classes of cases in which an application for appeal is required. Under OCGA § 5-6-35, as amended by Georgia Laws 1984, pp. 599-600, appeals from cases involving garnishment are to be made by application for appeal. See OCGA § 5-6-35 (a) (4).

2. On November 4, 1983, the plaintiff was ordered to show cause why his garnishment and traverse should not be dismissed. Pursuant to the rule nisi, a hearing was held on November 14, 1983. Upon the

conclusion of the November 14, 1983, hearing, the trial court entered an order awarding judgment to plaintiff and against garnishee Stuhler in the amount of $9,553.77. Thereafter, Stuhler orally moved the trial court to vacate its November 14, 1983 order. On November 28, 1983, following Stuhler's oral motion and after hearing arguments of counsel, the trial court vacated the order of November 14, 1983. In so doing, the trial court entered an order as follows: "The Motion to Dismiss the Traverse of the Plaintiff by the Garnishee is denied and the matter is to be set down for non-jury trial on [its] merits. The Garnishee shall pay into the registry of the Court . . . the sum of $9,553.77 pending the outcome of the trial." Several weeks later, plaintiff moved to vacate the order of November 28, 1983, and on January 18, 1984, plaintiff's motion to vacate was denied.

Relying upon *Motor Contract Co. of Atlanta v. Wigington*, 116 Ga. App. 398 (157 SE2d 321), plaintiff contends the trial court erred in granting a "new trial" to Stuhler upon an oral motion. This contention is without merit. Our review of the record does not demonstrate that Stuhler moved for a new trial. Rather, it appears that upon Stuhler's motion to dismiss plaintiff's traverse, the trial court went too far and entered judgment against Stuhler; that Stuhler orally requested the judgment be vacated; and that the court vacated the judgment and entered an order denying the motion to dismiss the traverse and setting the matter down for a trial on the merits.

"A trial judge has the power during the same term of court at which a judgment is rendered to reverse, correct, revoke, modify or vacate the judgment in the exercise of his discretion. *Ammons v. Bolick*, 233 Ga. 324 (1) (210 SE2d 796) (1974). This inherent power of the trial court was not changed by passage of the Civil Practice Act. *Martin v. General Motors Corp.*, 226 Ga. 860 (1) (178 SE2d 183) (1970)." *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278). Thus, as long as the term of court has not ended, a trial judge can exercise his inherent power to set aside a judgment. *Crowe v. Crowe*, 245 Ga. 719 (267 SE2d 14). We cannot say the trial court abused its discretion in vacating the November 14, 1983, judgment. The judgment was erroneously entered upon garnishee Stuhler's motion to dismiss the traverse.

3. The evidence demonstrated that following the entry of the consent judgment in the interpleader case, Stuhler obtained a check in the amount of $11,227.27 from the clerk of the superior court. The check was made payable to First Citizens and it represented the balance of the funds paid to the parties pursuant to the consent judgment. Stuhler endorsed the check himself and deposited it to his business banking account. He testified that he was entitled to retain the funds because First Citizens assigned the proceeds in the interpleader case to him for past due attorney fees. Stuhler testified further that at

the time he was served with the summons of garnishment, First Citizens owed him over $30,000 for legal fees in connection with the interpleader case and another matter. (In its findings of fact, the trial court determined that with regard to the interpleader action, Stuhler reasonably spent well over 218 hours at an hourly rate of $100 per hour.) Thus, the evidence was uncontroverted that at the time of the service of the summons, First Citizens' indebtedness to Stuhler far exceeded the $11,117.27 which Stuhler obtained from the clerk of the superior court. The burden of showing that the garnishee is indebted to the debtor is on the creditor who traverses the answer of the garnishee. *A. C. White Transfer &c. Co. v. Grady Memorial Hosp.*, 151 Ga. App. 751, 752 (261 SE2d 476). Plaintiff has failed to demonstrate that the garnishees are indebted to First Citizens. Pretermitting questions concerning the efficacy of the assignment or the creation of Stuhler's attorney's lien, it is clear that the plaintiff failed to show any debt owing or accruing between the time of the service of the summons and the answer. As this court held in *Mut. Reserve Life Ins. Co. v. Fowler*, 2 Ga. App. 537 (1) (59 SE 469), "[a]s to assets in the hands of a garnishee, such garnishee is entitled to set off any indebtedness owed by the defendant in garnishment, and all such indebtedness. The question as to whether such garnishee is or is not indebted to the defendant, or whether such garnishee has assets of such defendant in its hands, should be ascertained by a comparison of their respective claims or accounts, and the judgment should be in accordance therewith." Since the evidence demonstrates that First Citizens' indebtedness to Stuhler far exceeds the sums held by Stuhler, the trial court correctly ruled against plaintiff and in favor of Stuhler. *Oxford v. Metter Lumber Co.*, 104 Ga. App. 758, 760 (123 SE2d 156). "A garnishee, if the debtor be indebted to him, has a lien on funds coming into his hands, or future indebtedness to the debtor on his part, superior to that of the plaintiff in garnishment. He is entitled to pay himself before he is required to collect for the benefit of others; and this applies to any past indebtedness due him by the defendant." *Mutual Reserve Life Ins. Co. v. Fowler*, 2 Ga. App. 537 (2), supra.

4. We think the trial court also was correct in ruling that Stuhler's attorney's lien was superior to the claim of the plaintiff. An attorney's lien attaches to all papers and money belonging to his client regardless of the time of payment. *King v. Tyler*, 148 Ga. App. 272, (on motion for rehearing p. 274 (3)) (250 SE2d 784). Thus, whether Stuhler deposited the check to his business account before or after service of the summons of garnishment is immaterial.

5. Likewise, the trial court correctly ruled in favor of garnishees Michael Siemer and Cathy Siemer. Plaintiff failed to carry his burden of showing that these garnishees were indebted to First Citizens. True, Michael Siemer averred that he borrowed money from First

Citizens. But he stated that he paid back a portion of the loans; that he did not know how much he owed; and that the company owed him far more than he owed the company. With regard to Mrs. Siemer, there was no evidence that she was indebted to First Citizens in any amount whatsoever.

6. "The situation which the garnishing plaintiff occupies in respect to the garnishee can be no better than that which the defendant himself occupies in respect to the garnishee. If the defendant himself, suing the garnishee, could not get a judgment against him, the garnishing plaintiff can not get a judgment against the garnishee. The creditor may stand in his debtor's shoes by means of garnishment, but he gains no additional privileges." *Singer Sewing Machine Co. v. Southern Grocery Co.*, 2 Ga. App. 545 (1) (59 SE 473). Having failed to carry his burden of demonstrating that the garnishees were indebted to First Citizens, the plaintiff cannot recover against the garnishees.

7. As noted above, the Siemers stated in their amended answers that they were willing to deliver various pieces of office equipment belonging to First Citizens to the plaintiff at the direction of the court. At the conclusion of the case, the trial court ruled "[t]hat neither Michael nor Cathy Siemer held any property or funds other than what was stated in the amended answer to garnishment. Plaintiff may proceed against said property as provided by law by pointing out to the Marshal of this court such property as he can identify for levy."

Relying upon OCGA § 18-4-89 (3) plaintiff contends the trial court should have rendered a more specific judgment against the Siemers because the responses set forth in the amended answers were not sufficient to identify the property subject to garnishment. He contends the Siemers should have identified and surrendered the property in question to the court. We disagree.

OCGA § 18-4-89 only applies when there is no dispute and no traverse or claim has been filed. See *Marbut Co. v. Capital City Bank*, 148 Ga. App. 664 (1) (252 SE2d 85). Where, as here, the garnishee does not identify the property subject to garnishment, the burden is on the plaintiff to demonstrate which property the garnishee holds on behalf of the debtor. See *A. C. White Transfer &c. Co. v. Grady Memorial Hosp.*, 151 Ga. App. 751, supra. The plaintiff produced no evidence concerning the property of First Citizens in the possession of the Siemers.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

588

DECIDED NOVEMBER 14, 1984 —

*Herbert P. Schlanger*, for appellant.
*Gregory E. Stuhler, William M. Schiller*, for appellees.