71197, 71198. PARHAM v. LANIER COLLECTION AGENCY
& SERVICE, INC. (two cases).
(341 SE2d 889)

BENHAM, Judge.

Appellant is the manager of the Savannah Maritime Association-International Longshoremen's Association Fund for Supplemental Cash Benefits ("Container Royalty Fund"), against which appellee, Lanier Collection Agency & Service, Inc., instituted garnishment proceedings in the State Court of Chatham County. The Container Royalty Fund, established pursuant to a collective bargaining agreement, provides an annual payment to those longshoremen who work 700 hours or more within a 12-month contract year for any of the various stevedoring companies that belong to the Savannah Maritime Association. After obtaining money judgments against defendants Moore (Case No. 71197) and Drayton (Case No. 71198), two Container Royalty Fund beneficiaries, appellee sought to garnish their Fund payments. Appellant/garnishee answered the complaints in garnishment, claiming that since the amount of Fund earnings payable to the defendants for the 12-month period did not exceed the federal minimum hourly wage equivalent for that period, the Fund earnings were exempt pursuant to OCGA § 18-4-20 (d). Appellee traversed the answers and a hearing was held. The trial court agreed with appellant's assertion that the Fund payments are earnings within the meaning of OCGA § 18-4-20 (a) and (d), but held that the phrase "aggregate disposable earnings" means that "the defendants' disposable income from the Container Royalty Fund and every other source must be

looked at in determining what amount of their *aggregate* disposable income is subject to garnishment." The trial court went on to estimate the defendants' earnings from all of their stevedoring for the contract year and determined that when those amounts are added to their Fund payments, the latter are not exempt under 18-4-20 (d). This court granted appellant's applications to appeal this issue.

1. The legislature's use of the phrase "aggregate disposable earnings" in OCGA § 18-4-20 (d) must be viewed within the context of the entire Code section 18-4-20. "[I]n construing the statute so as to give effect to the legislative intent a mere segment of the statute should not be lifted out of context and construed without consideration of all the other parts of the statute. [Cit.]" *City of Jesup v. Bennett*, 226 Ga. 606, 609 (176 SE2d 81) (1970). With this rule of construction in mind, we note that OCGA § 18-4-20 (b) states that "[a]ll debts owed *by the garnishee to the defendant* at the time of service of the summons of garnishment upon the garnishee and all debts *accruing from the garnishee to the defendant . . .* shall be subject to process of garnishment." (Emphasis supplied.) OCGA § 18-4-20 (c) states that "[a]ll property, money or effects of the defendant *in the possession or control of the garnishee* at the time of the service of the summons of garnishment upon the garnishee or *coming into the possession or control of the garnishee . . .* shall be subject to process of garnishment . . ." (Emphasis supplied.) Clearly, it was the legislature's intent to allow a garnishor to obtain a garnishment lien only on the property over which the garnishee exercised dominion or control. See OCGA § 18-4-82. "[T]he garnishment lien is intended to reach something actually due the defendant and which the defendant could have forced the garnishee to pay." *A. C. White &c. Co. v. Grady Memorial Hosp.*, 151 Ga. App. 751, 752 (261 SE2d 476) (1979). Also see *C & S Nat. Bank v. Avco Fin. Svcs.*, 129 Ga. App. 605 (200 SE2d 309) (1973). Therefore, we interpret the phrase "aggregate disposable earnings" to mean that if the employer against whom the garnishment is filed has control or possession of more than one item or source of earnings, only those items or sources would be added together and the appropriate formula applied to determine to what extent the subsection (d) exemption applied.

An examination of the records in the cases before us reveals the following information: Defendants Moore and Drayton worked for a number of different shipping companies and the number of hours they worked for those companies determined whether they had accumulated the requisite number of hours to become eligible for payment from the Container Royalty Fund; the Fund had its own IRS employer identification number and the tax deductions taken from the defendants' Fund payments were computed based on the Fund being the sole employer; appellant had no access to the payroll records of

the various shipping companies and had no knowledge about the amount of income paid to the defendants by those companies; and appellant was only responsible for disbursement of the Container Royalty Fund account and not for any other money the defendants may have earned during the year.

There was no evidence adduced at trial that appellant/garnishee owed, possessed, or controlled any earnings other than defendants' Fund benefits. Since the defendants could not have forced appellant to pay them anything other than their Fund earnings, the garnishment lien imposed on appellant could only cover those earnings. See OCGA § 18-4-20 (b) and (c); *A. C. White &c. Co.*, supra. The trial court's conclusion that as a matter of law the defendants' earnings from all members of the Savannah Maritime Association must be added to the Fund earnings to determine the amount to be shielded by OCGA § 18-4-20 (d) was erroneously reached, and we reverse the judgments accordingly.

2. Appellant failed to meet the jurisdictional requirements of OCGA § 5-6-35 (b) with regard to her second enumeration of error, inasmuch as she did not set forth that enumeration of error in her applications for discretionary appeal. Therefore, we are without authority to rule on the error here asserted. *Hogan v. Taylor County Bd. of Education*, 157 Ga. App. 680 (278 SE2d 106) (1981).

*Judgments reversed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 11, 1986 —
REHEARINGS DENIED MARCH 3, 1986 —

*James R. Gardner*, for appellant.
*John T. Sparkman, Jr., Carl S. Pedigo, Jr.*, for appellee.