## A98A1877. ROGERS v. BARNETT.
(514 SE2d 443)

RUFFIN, Judge.

Beth Barnett sued her daughter, Kelley Ann Rogers, in the Superior Court of Evans County, seeking visitation rights with respect to Rogers' son. Rogers opposed the granting of visitation rights. Following a hearing, the trial court entered an order granting visitation rights to Barnett. We granted Rogers' application for discretionary review and affirm the trial court's ruling.

1. Under OCGA § 19-7-3 (c), a trial court may grant reasonable visitation rights to a grandparent if the court finds that "the health or welfare of the child would be harmed unless such visitation is granted, and if the best interests of the child would be served by such visitation." In several enumerations, Rogers contends that the evidence was insufficient to support the granting of visitation rights to Barnett. However, Rogers failed to file a complete transcript of evidence heard by the trial court at the hearing, submitting only a transcript of her own testimony and the court's oral ruling. Without a complete record of evidence presented to the trial court, we are unable to consider whether the evidence was sufficient to support a grant of visitation rights. See *P. H. L. Dev. Corp. v. Smith*, 174 Ga. App. 328, 329 (2) (329 SE2d 545) (1985); *Griggs v. Griggs*, 234 Ga. 451, 453-454 (2) (216 SE2d 311) (1975).[1]

---

[1] Rogers' third enumeration reads as follows: "The trial [c]ourt erred in that the evidence does not support the findings of fact." In her brief, however, Rogers argues that the trial court's written order did not contain specific findings of fact supporting its conclusion that visitation was in the child's best interests and that the child would be harmed in the absence of visitation. In order to claim error based on the trial court's failure to make adequate findings of fact and conclusions of law, it is necessary to properly enumerate such failure as error. See *Jardine v. Jardine*, 236 Ga. 323 (1) (223 SE2d 668) (1976); *Brown v. Brown*, 237 Ga. 201-202 (227 SE2d 360) (1976). It is at least questionable whether Rogers' enumeration is sufficient to preserve this argument for appeal. Moreover, in her application for discretionary appeal, Rogers expressed this enumeration in more specific terms, making it clear that she was challenging only the sufficiency of the evidence presented at the hearing, and not the adequacy of the trial court's order. We are limited on appeal to those matters enumerated by an appellant in her application for discretionary review. *Parham v. Lanier Collection Agency &c.*, 178 Ga. App. 84, 86 (2) (341 SE2d 889) (1986). Because Rogers did not

2. Rogers contends the trial court should have set aside its judgment because Barnett brought the action for purposes of harassment. This enumeration is essentially a challenge to the sufficiency of the evidence justifying a grant of visitation rights and must be rejected for the reasons discussed in Division 1.

3. Rogers claims the trial court erred in failing to dismiss the complaint because OCGA § 19-7-3 is unconstitutional.

> "Where the constitutionality of a statute is drawn into question, exclusive jurisdiction is in the Supreme Court and this court will transfer such matters for consideration by that Court. 1983 Const., Art. VI, Sec. VI, Par. II (1)." *Pruitt v. State*, 203 Ga. App. 125, 127 (416 SE2d 524) (1992).

*State v. D'Auria*, 222 Ga. App. 615, 617 (475 SE2d 678) (1996). However, we will not transfer a case to the Supreme Court "unless it clearly appears in the record that the point was distinctly passed upon by the trial court." *Commissioner of Ins. v. Stryker*, 218 Ga. App. 716, 719 (6) (463 SE2d 163) (1995).

Rogers filed a motion to dismiss the complaint on May 2, 1997. The sole ground asserted by Rogers for challenging the constitutionality of the statute was that "OCGA [§] 19-7-3 has been declared unconstitutional, by the Georgia Supreme Court" in *Brooks v. Parkerson*, 265 Ga. 189 (454 SE2d 769) (1995).[2] The trial court denied this motion on May 15, 1997, noting that the legislature had amended the statute after the decision in *Brooks* to address the Supreme Court's objections. See Ga. L. 1996, p. 1089, § 1.

After the trial court entered its order granting visitation rights to Barnett, Rogers filed a motion for new trial, asserting that the amended OCGA § 19-7-3 is unconstitutional because, among other things, it amounts to a termination of parental rights without requiring a finding of parental misconduct or inability. The trial court entered an order denying Rogers' motion "on each and every ground stated therein."

On appeal, Rogers does not challenge the constitutionality of OCGA § 19-7-3 based on the Supreme Court's decision in *Brooks*, which was the only constitutional basis for her motion to dismiss. Rather, she essentially reasserts the arguments she raised for the first time in her motion for new trial, as well as other arguments not presented to the trial court. However, it is clear that a constitutional challenge may not be raised for the first time in a motion for new trial. See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 152 (11) (269 SE2d

---

raise the adequacy of the trial court's order in her application, we cannot consider it here.

[2] The motion to dismiss also alleged that the petition was not brought in good faith.

426) (1980); *Frashier v. State*, 217 Ga. 593 (124 SE2d 279) (1962). Because Rogers did not properly raise her constitutional arguments in the trial court prior to the motion for new trial, we decline to transfer this case to the Supreme Court for consideration of the issue. See *Stryker*, supra.

4. Rogers contends that the trial court erred in considering the best interests of the child without first making a determination that Rogers was an unfit parent. However, OCGA § 19-7-3 (c) does not require a finding that a parent is unfit, but simply that "the health or welfare of the child would be harmed unless such visitation is granted." Accordingly, this enumeration is without merit.

5. Rogers was represented by counsel at the hearing on Barnett's petition. After the trial court entered its final order, Rogers filed a motion seeking court-appointed counsel, alleging that she was indigent. She appeals the trial court's denial of this motion.

Rogers asserts that she is indigent as defined in OCGA § 15-11-30 (a) and was therefore entitled to court-appointed counsel pursuant to OCGA § 15-11-85. This Code section allows for the appointment of counsel in "any proceeding for terminating parental rights or any rehearing or appeal thereon." Although Rogers argues that allowing grandparent visitation amounts to a termination of her parental rights, OCGA § 15-11-80 states that an order terminating parental rights "terminates *all* the parent's rights and obligations with respect to the child." (Emphasis supplied.) Thus, it is clear that an action seeking grandparent visitation rights is not a "proceeding for terminating parental rights" as that language is used in OCGA § 15-11-85. Because Rogers has not shown an entitlement to appointed counsel, the trial court did not err in denying her motion.

6. On February 9, 1998, Rogers filed a petition to proceed in forma pauperis, seeking "[a]ccess to the court transcripts . . . that are priced out of her reach" and waiver of all court costs and filing fees. The trial court granted the motion effective February 13, 1998, stating, among other things, that "[Rogers] has been granted leave to proceed *in forma pauperis* and all future transcript costs are waived pursuant to Superior Court Rules." Rogers contends that the reference to "all future transcript costs" precluded her from obtaining complete transcripts of the hearing on Barnett's petition. However, because Rogers did not raise this enumeration in her application for discretionary appeal, we cannot consider it here. *Parham v. Lanier Collection Agency &c.*, 178 Ga. App. 84 (341 SE2d 889) (1986). Moreover, nothing in the record shows that Rogers attempted to obtain any transcripts and was prevented from doing so by the language of the court's order. Rogers submitted partial transcripts of the proceedings, including her own testimony at the visitation hearing and testimony on a contempt motion filed by Barnett. Rogers never sought to

clarify the trial court's order and never specifically requested that the trial court approve payment for the complete transcript of all proceedings. Accordingly, she has not carried her burden of showing that she was harmed by the language of the trial court's order. See *Miller v. State*, 222 Ga. App. 641-642 (475 SE2d 690) (1996) (affirming dismissal of appeal where defendant who had filed affidavit of indigence "failed to pay for the transcript or to take any steps to have the State pay for the transcript. . . . [I]t is the obligation of a defendant/appellant to at least . . . request that a transcript be filed and the State billed.").

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

Decided March 10, 1999 —
Reconsideration denied March 30, 1999 —

Kelley A. Rogers, *pro se.*
*Dubberly & McGovern, Joseph D. McGovern,* for appellee.