## A00A0803. BURRUSS v. FERDINAND.
### (536 SE2d 555)

SMITH, Presiding Judge.

Faye Burruss d/b/a Beauty Plus, Inc. filed this appeal from the trial court's denial of her motions to intervene and to set aside the judgment following an in rem judicial tax foreclosure sale of property in which she claims an interest. This appeal was filed in the Supreme Court, which transferred it to this court after concluding that none of the issues raised in the appeal invoked the jurisdiction of the Supreme Court. Burruss contends the trial court erred in denying both her motions, and she challenges the constitutionality of the statute authorizing judicial in rem tax foreclosures. Because we find that none of Burruss's contentions have merit, we affirm the judgment below.

1. We note initially that although an appeal from the denial of a motion to intervene usually requires an application for interlocutory appeal, the denial of Burruss's motion to intervene in this case was a final judgment, and Burruss's direct appeal was therefore proper. OCGA § 5-6-34 (a) (1). Similarly, Burruss's other motion was captioned a motion to set aside, which is not directly appealable. OCGA § 5-6-35 (a) (8). But the motion was based upon her contention that she was entitled to notice and was not notified, which is a defect not appearing on the face of the record. The judgment was properly challenged by a motion for new trial, the denial of which is directly appealable. See *Hill v. Bailey*, 187 Ga. App. 413, 414-415 (1) (370

SE2d 520) (1988).[1] This court has jurisdiction to consider the appeal.

2. On October 15, 1998, Fulton County Tax Commissioner Arthur E. Ferdinand filed a Petition for Judicial In Rem Tax Foreclosure against a piece of property on which $36,076.23 in taxes, interest, and penalties from the years 1991 through 1996 were delinquent. The record owner of the property, McKinley Bell, his guardian, and other interested parties, not including Burruss, were notified that judicial foreclosure proceedings had commenced and of the date of the hearing. A hearing was held on November 19, 1998, and the property ordered sold for taxes.

On January 5, 1999, after advertisement, the property was sold. On March 5, 1999, Burruss filed her motions to intervene and to set aside the foreclosure sale. Ferdinand filed a response in opposition to the motions, and Burruss amended her motion to set aside. Following the hearing on the motions on April 22, 1999, the trial court denied both motions.

Burruss contended below, as she contends in this appeal, that she was entitled to intervene because she was the owner of the property by virtue of a deed under power from Bell's mortgagee and attorney-in-fact. Ferdinand concedes that if it is demonstrated that Burruss was entitled to intervene, she did not receive proper notice and is therefore entitled to have the foreclosure sale set aside. We agree with the trial court, however, that Burruss was not an interested party under the statute and that she was not entitled to intervene or to have the sale set aside.

Burruss claims she should have been permitted to intervene in the proceeding as a matter of right. OCGA § 9-11-24 (a) provides that

> [u]pon timely application anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene; or (2) When the applicant claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

It is clear that Burruss cannot intervene as a matter of right under either subsection of the statute. No statute confers upon her such an unconditional right. Compare *Payne v. Dundee Mills*, 235 Ga. App.

---

[1] Although this case is physical precedent only, it has since been cited for this proposition with approval. See *Oglethorpe Power Corp. v. Sheriff*, 210 Ga. App. 299 (1) (436 SE2d 14) (1993).

514 (1) (510 SE2d 67) (1998) (workers' compensation subrogation statute). And Burruss does not fit within the definition of "interested party" under OCGA § 48-4-77 (1), the ad valorem tax foreclosure statute. Compare *Ebon Foundation v. Oatman*, 269 Ga. 340, 342-343 (1) (c) (498 SE2d 728) (1998) (intervention permitted because intervenors asserted interests relating to property). OCGA § 48-4-77 (1) defines "[i]nterested party" as one having an interest in the property as shown by a title certification conducted in accordance with title standards of the State Bar of Georgia; one entitled to notice of levy under OCGA § 48-3-9 (b) because one's name is stated on the face of a properly recorded security deed, mortgage, or transfer of the same; or any other party with an interest in the property "whose identity and address are reasonably ascertainable from the records of the petitioner or records maintained in the county courthouse or by the clerk of the court."

Burruss's interest in the property derives from a deed under power from William Gordon, who was the holder of the deed to secure debt from Bell, the record owner of the property.[2] It is undisputed, however, that her deed was not in recordable form and was not, in fact, recorded. Her interest was not "reasonably ascertainable" from courthouse or tax records. She was therefore not an "interested party" under OCGA § 48-4-77 (1).

Because Burruss was not entitled to notice, she was not entitled to intervene, particularly after the tax foreclosure sale, when the property had been sold to a third party. The tax commissioner showed that notice had been given to all those entitled to notice, including posting a notice on the property. The court so found in its order entered after the hearing on November 19, 1998.

3. Because Burruss was not entitled to notice and was not an interested party in the proceeding, it follows that she was not entitled to a new trial and had no standing to set aside the tax foreclosure sale.

4. Burruss asserts for the first time on appeal that the trial court erred in not declaring unconstitutional the judicial in rem tax foreclosure statute. As the Supreme Court noted in its order transferring this appeal, this contention was not raised below and cannot be considered here. *Rogers v. Barnett*, 237 Ga. App. 301, 302-303 (3) (514 SE2d 443) (1999); see *Boxer X v. State*, 237 Ga. App. 526, 529-530 (5) (515 SE2d 668) (1999).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

---

[2] Gordon apparently died prior to the petition being filed.

DECIDED JUNE 27, 2000 —
RECONSIDERATION DENIED JULY 17, 2000

*Giddens, Davidson & Mitchell, Earl A. Davidson*, for appellant.
*William R. Turner, Rodney T. Floyd*, for appellee.