A03A0693. ANDERSON v. FORD.
(581 SE2d 623)

MILLER, Judge.

George Anderson sued Jim Ford, individually and in his official capacity as Floyd County Tax Commissioner, for having allegedly violated various statutory and constitutional provisions when Ford levied upon Anderson's bank account to collect county taxes Anderson owed on personal property. Ford moved for summary judgment, which the trial court granted. Anderson appeals, arguing that the statutes allowing the levy were unconstitutional and that issues of material fact precluded summary judgment. We hold that the constitutionality arguments were waived and that the material facts were undisputed. Accordingly, we affirm.

The undisputed facts show that despite notice, Anderson failed to pay his personal property taxes due Floyd County. His 2000 taxes (amounting to roughly $200) were past due as of November 16, 2000, and his 2001 taxes (for about $200 as well) were past due as of November 16, 2001. Accordingly, Ford as tax commissioner issued

executions and then levied upon Anderson's bank account on November 29, 2001, to collect the taxes. That same day Ford also sent Anderson a letter via certified mail, notifying him of the executions and levy. Anderson received the letter the next day and paid the taxes before any monies were removed from his account.

Anderson sued Ford for damages, alleging that the executions and levy were wrongful in that Ford failed to give him notice beforehand. Ford moved for summary judgment, claiming that official immunity protected his actions and that he properly followed the law in issuing the executions and in levying upon the account. The trial court agreed with Ford and entered summary judgment in his favor. Anderson appealed to the Supreme Court of Georgia, claiming that the relevant tax statutes were unconstitutional and that disputed issues of material fact precluded summary judgment. The Supreme Court transferred the case to this Court, explaining that it did not appear that the constitutionality of a law had been drawn into question.

1. Anderson argues that various tax collection statutes (OCGA §§ 48-2-51; 48-2-55; 48-3-3; 48-3-3.1) are unconstitutional under the federal and state constitutions. Anderson, however, did not challenge the constitutionality of any of these statutes below. An appellate court "will not rule on a challenge to the constitutionality of a statute unless the issue has been raised and ruled on in the trial court." (Citation omitted.) *Lucas v. Lucas,* 273 Ga. 240, 242 (3) (539 SE2d 807) (2000). Indeed, "the transfer of the case by the Supreme Court to this court is a final determination that no constitutional question was in fact properly raised." (Citations and punctuation omitted.) *Schmidt v. Feldman,* 230 Ga. App. 500, 502 (2) (497 SE2d 23) (1998). Accordingly, Anderson's arguments cannot be considered here. *Burruss v. Ferdinand,* 245 Ga. App. 203, 205 (4) (536 SE2d 555) (2000).

2. Anderson claims that disputed issues of material fact precluded the entry of summary judgment against him. He contends that Ford was not authorized to issue executions nor to levy upon Anderson's bank account without notifying him in advance.

OCGA § 48-3-3 (a) authorizes tax commissioners to issue executions to collect past due taxes 30 days after giving the notice specified in OCGA § 48-3-3 (b). OCGA § 48-3-3 (b) provides:

As soon as the last day for the payment of taxes has arrived, the tax collector or tax commissioner shall notify in writing the taxpayer of the fact that the taxes have not been paid and that, unless paid, an execution shall be issued; *provided, however, notice shall not be required for taxes due on*

*personal property and executions may be issued on the day next following the day when taxes are due.*

(Emphasis supplied.) OCGA § 48-2-55 (c) (1) authorizes tax commissioners to levy upon all property of a taxpayer to collect past due taxes (including specifically bank accounts) where the taxpayer neglects or refuses to pay the taxes. None of these statutes requires the tax commissioner to give the taxpayer notice of the levy *prior* to levying upon the personal property of the taxpayer. Indeed, OCGA § 48-3-9 (a) provides that when levying upon real property of the taxpayer, the commissioner is only required to give notice of the levy *after* the levy has attached, which notice allows the taxpayer to pay the debt within 20 days before the tax commissioner may proceed to advertise the property. See also OCGA § 48-3-10 (statutory notice tells property owner that execution *has been* issued and that levy *has been* made).

Here Ford issued an execution on the 2000 taxes (past due as of November 16, 2000) on May 1, 2001, and issued an execution on the 2001 taxes (past due as of November 16, 2001) on November 29, 2001. Inasmuch as the executions were for taxes due on personal property, OCGA § 48-3-3 (b) authorized their issuance without notice. On November 29, Ford used these executions to levy upon Anderson's bank account, as authorized by OCGA § 48-2-55 (c) (1). No statute required prior notice to Anderson regarding the levy, and Ford sent written notice of the levy to Anderson that same day. Based on the statutory scheme discussed above, we hold that under these undisputed facts, Ford properly followed the procedures required by law, and therefore the trial court did not err in entering summary judgment in favor of Ford. This holding moots or disposes of Anderson's remaining enumerations of error.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur in judgment only.*

DECIDED APRIL 3, 2003 —
RECONSIDERATION DENIED APRIL 18, 2003.

George Anderson, *pro se.*
*Wade C. Hoyt*, for appellee.