# Court of Appeals
# of the State of Georgia

ATLANTA,  August 20, 2019

*The Court of Appeals hereby passes the following order:*

**A20D0032. IN RE DAVID MATTHEW HANEY.**

In this criminal case against defendant Gary Whittle, Lieutenant David Matthew Haney of the Glynn County Police Department testified at the hearing on Whittle's motion to withdraw his guilty plea. The trial court granted Whittle's motion to withdraw his plea, concluding under *Brady v. Maryland*, 373 U. S. 83 (83 SCt 1194, 10 LE2d 215) (1963), and *Giglio v. United States*, 405 U. S. 150 (92 SCt 763, 31 LE2d 104) (1972), that the State had suppressed exculpatory evidence and impeaching information which was relevant to Whittle's case, and that there was a reasonable probability disclosure would have changed the outcome of the case. The trial court found that such information included "[i]mpeaching information within the meaning of *Giglio*" with respect to Haney. Haney filed a motion to intervene, seeking to challenge the trial court's *Giglio* finding with respect to him. Whittle's charges were terminated by the entry of a nolle prosequi, apparently shortly after the filing of Haney's motion to intervene. See *Buice v. State*, 272 Ga. 323, 324 (528 SE2d 788) (2000) ("It is well established that entry of a nolle prosequi terminates the prosecution pending on that indictment and that the State cannot try a defendant on a charge that has been nol prossed."). The trial court then denied Haney's motion to intervene, and Haney filed this timely application for discretionary appeal of that ruling.

It appears that the trial court's ruling is directly appealable as a final order under OCGA § 5-6-34 (a) (1). First, no provision of OCGA § 5-6-35, the discretionary appeal statute, applies here. Second, compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b) is not required, because final judgment has been entered and nothing remains pending below. "[A]lthough an appeal from the

denial of a motion to intervene usually requires an application for interlocutory appeal, the denial of [Haney's] motion to intervene in this case was a final [order.]" *Burruss v. Ferdinand*, 245 Ga. App. 203, 203 (1) (536 SE2d 555) (2000); see, e.g., *Stephens v. McGarrity*, 290 Ga. App. 755, 757 (1) (660 SE2d 770) (2008) (direct appeal of rulings approving settlement agreement and denying motion to intervene); see also *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995) ("Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court.").

We will grant a timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED. Haney shall have ten days from the date of this order to file a notice of appeal with the trial court. If, however, he has already filed a notice of appeal, he need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 08/20/2019*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*